

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2007

# McNeil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McNeil v. Atty Gen USA" (2007). *2007 Decisions.* Paper 542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4512

ADOLPHUS NOEL MCNEIL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A41-929-486)

Submitted under Third Circuit LAR 34.1(a)
on February 1, 2007

Before: BARRY and ROTH, <u>Circuit Judges</u>.
*IRENAS, <u>District Judge</u>

( Filed: August 27, 2007 )

_____

*The Honorable Joseph E. Irenas, Senior U.S. District Judge for the District of
New Jersey, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Adolphus McNeil petitions for review of the order of the Board of Immigration Appeals (BIA) denying his request for cancellation of removal, asylum, withholding of removal and protection under the United Nations Convention Against Torture (CAT). We will affirm the BIA's order finding McNeil ineligible for withholding of removal and cancellation of removal. We will vacate the BIA's finding that McNeil's past conviction of criminal sale of marijuana constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) that subjects McNeil to removal and remand this case for further proceedings to determine whether McNeil timely applied for asylum. *See* 8 C.F.R. 208.4(a)(2).

## I.  **Factual and Procedural History**

Pennsylvania State Police arrested McNeil on April 23, 1998, near Wilkes-Barre, Pennsylvania, and charged him with possession of marijuana and possession of stolen property. McNeil had entered the United States on or about May 14, 1988, as a lawful permanent resident from Guyana. The police conducted a records check revealing three convictions from New York. McNeil had been convicted twice, in October 1989 and February 1990, for possession of marijuana.[1] He had also been convicted in May 1990 for

---

[1] Violation of N.Y. Penal Law § 221.10.

the sale of marijuana.[2]  McNeil was released to the INS.  On April 28, 1998, the INS served McNeil with a notice to appear, charging him with being removable from the United States because of his prior convictions.  On December 21, 1998, an Immigration Judge (IJ) found that McNeil was removable because of his prior convictions for controlled substance violations.  The IJ denied McNeil's application for asylum, withholding of removal, and cancellation of removal because McNeil had been convicted of an aggravated felony.  The IJ ordered McNeil removed to Guyana.

McNeil filed a timely notice of appeal with the BIA.  On March 20, 2002, the BIA affirmed part of the IJ's decision and remanded the record to the IJ for further consideration. The BIA found that the record sufficiently established McNeil's three New York convictions and that McNeil's conviction for criminal sale, a drug-trafficking crime, was an aggravated felony subjecting McNeil to removal and barring him from applying for asylum.  The BIA remanded the case to the IJ to determine whether McNeil's aggravated felony conviction constituted a conviction for a particularly serious crime that would make him ineligible for withholding of removal.  The BIA also found that McNeil, on remand, was entitled to apply for a waiver of deportation.[3]  8 U.S.C. § 1182(c) (repealed 1996).

The remanded proceedings were continued several times for various reasons, including to allow McNeil to resolve an outstanding bench warrant in New Jersey.  McNeil

---

[2]  Violation of N.Y. Penal Law § 221.40.

[3] McNeil has not raised the issue of his eligibility for a waiver of deportation in this petition for review.

was ordered removed, in absentia, after neither he nor his counsel appeared at a June 10, 2003, hearing. McNeil's case was subsequently reopened, and the venue changed to York, Pennsylvania. During a hearing on January 2, 2004, the IJ addressed the effect that McNeil's two additional convictions – a New Jersey conviction (January 30, 1998) for possession of over fifty grams of marijuana and a Pennsylvania conviction (January 5, 1999) for possession of a small quantity of marijuana – had on his eligibility for a waiver of deportation, and continued the case to allow both sides to research the issue. McNeil subsequently filed a "Motion for New Adjudication" asking the IJ to adjudicate the correctness of the BIA's determination that his New York conviction for the sale of marijuana constituted an aggravated felony in light of *Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001), and to permit him to apply for cancellation of removal, in addition to applying for a waiver of deportation. In response, the Government filed a Form I-261, Additional Charges of Inadmissibility/Deportability, supplementing its original allegations with the additional allegations of McNeil's 1998 and 1999 convictions. The Government also filed a "Declaration in Opposition" to McNeil's "Motion for New Adjudication."

On February 6, 2004, the IJ denied McNeil's motion to request protection under the United Nations Convention Against Torture (CAT) because the case had been remanded only to consider whether McNeil was eligible for withholding of removal.[4] The IJ also

---

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984).

4

asked McNeil if he wished to offer any evidence on whether his crime was particularly serious, but McNeil stated that he was no longer requesting withholding of removal. On February 10, 2004, the IJ forwarded McNeil's case to the BIA with a request for certification. The certification asked the BIA to consider our holding in *Steele* and whether it had any effect on the BIA's determination that McNeil's conviction constituted an aggravated felony. The IJ also notified the BIA of McNeil's 1998 and 1999 controlled substance convictions.

On September 6, 2005, the BIA considered the certification from the IJ. The BIA declined to reconsider its March 20, 2002, decision finding McNeil an aggravated felon because *Steele* was neither intervening case law nor relevant to McNeil's removability as an aggravated felon. The BIA also declined McNeil's "Motion for New Adjudication" of its March 20, 2002, decision finding McNeil removable as an aggravated felon because McNeil had exceeded the time and number limitations for motions to reopen. The BIA then noted its agreement with the IJ that McNeil's 1998 and 1999 convictions prohibited him from being eligible for a waiver of deportation because he remained removable as a result of his controlled substance violations. The BIA also affirmed the IJ's decision that McNeil was ineligible for cancellation of removal because he was an aggravated felon and he had failed to acquire the required length of residence prior to his 1990 conviction. The BIA dismissed McNeil's appeal, and he subsequently filed this petition for review.

McNeil's counsel did not submit a brief prior to the BIA's consideration of the

certification from the IJ. Apparently, a copy of the certification and briefing schedule had been sent to his counsel's office, but she was in the process of moving and did not receive the briefing schedule. It is undisputed that McNeil received a copy of the certification and briefing schedule.

## II. **Standard of Review**

We have jurisdiction over McNeil's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ng v. Att'y Gen.*, 436 F.3d 392, 394 (3d Cir. 2006) (noting that our jurisdiction extends to "questions of law raised upon a petition for review," including petitions for review of removal orders based on aggravated felony convictions). We exercise plenary review over McNeil's legal argument that he was not convicted of an aggravated felony. *See Tran v. Gonzales,* 414 F.3d 464, 467 (3d Cir. 2005).

## III. **Analysis**

McNeil does not dispute that his four marijuana related convictions qualify as "controlled substance violations" under 8 U.S.C. § 1227(a)(2)(B)(i), thus subjecting him to removal. McNeil contends that the IJ and BIA improperly found that his conviction under N.Y. Penal Law § 221.40 was an aggravated felony. Aliens convicted of an aggravated felony are ineligible for discretionary relief from an order of removal. *See* 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); 8 U.S.C. § 1229(a)(3) (cancellation of removal); 8 U.S.C. §

6

1231(b)(3)(B)(ii) (withholding of removal).[5] McNeil claims that because of this legal error he was deprived of the opportunity to apply for asylum, withholding of removal and cancellation of removal. McNeil also claims his due process rights were violated because the IJ refused to consider his petition under CAT and his attorney was unable to file an appellate brief on the issues certified to the BIA.

At the outset, we will affirm in part the BIA's decision that McNeil is ineligible for withholding of removal and cancellation of removal. Individuals seeking withholding of removal may not do so if they are deemed by the Attorney General to have committed a particularly serious crime. 8 U.S.C. § 1231(b)(3)(ii). During the remanded proceedings before the IJ, McNeil declined to offer any evidence disputing whether he had committed a particularly serious crime, and he stated his intent to no longer seek withholding of removal. Therefore, McNeil failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d). McNeil is also ineligible for cancellation of removal. Cancellation of removal is

---

[5]Individuals seeking to obtain withholding of removal may not do so if they are deemed by the Attorney General to have committed a particularly serious crime. 8 U.S.C. § 1231(b)(3)(ii) (person not removable if the Attorney General decides that "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States"). For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime. 8 U.S.C. § 1231(b)(3)(iv). It is presumed a drug trafficking crime is "a particularly serious crime" regardless of the length of the sentence or whether the offense was an aggravated felony, but this presumption can be overcome in certain circumstances. *See* Matter of Y-L-, 23 I. & N. Dec. 270, 276-77 (BIA 2002).

only available to aliens who have resided in the United States continuously for seven years after being admitted in any status. 8 U.S.C. § 1229b(a)(2). The continuous period ends when the alien has committed an offense that would render the alien removable under 8 U.S.C. § 1227(a)(2). 8 U.S.C. § 1229b(d)(1)(B). McNeil was convicted of multiple marijuana convictions in 1989 and 1990, less than two years after being admitted as a lawful permanent resident, making him removable under 8 U.S.C. § 1227(a)(2)(B)(i) and ineligible for cancellation of removal.

We will also deny McNeil's request that he be permitted to apply for relief under CAT. McNeil first sought relief under CAT in the remanded proceedings before the IJ on February 6, 2004. However, McNeil failed to raise his CAT claim before the BIA in the certified proceedings after the IJ refused to consider the CAT claim. We find McNeil waived his argument for relief under CAT by not raising it before the BIA. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d). Although it is unfortunate McNeil was unable to file a brief before the BIA decided his case, there is no question that he received a copy of the briefing schedule around August 19, 2005, even if his counsel did not. McNeil bore some responsibility for communicating with his attorney. Nor does his counsel's failure to receive the briefing schedule, due at least in part to her failure to inform the BIA of her impending move, violate McNeil's right to due process where he personally received the notice of certification and a copy of the briefing schedule. *Chong v. District Director*, 264 F.3d 378, 386 (3d Cir. 2001) ("The fundamental

8

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

Nonetheless, we will remand this case for further proceedings to determine whether McNeil timely applied for asylum. Under 8 C.F.R. § 208.4(a)(2), an alien filing for asylum must do so within one year of the alien's last arrival in the United States or by April 1, 1997, whichever is later. If an application for asylum is filed after the deadline has passed, the IJ or the BIA must determine whether the alien qualifies for an exception to the deadline. Under Section 298 of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(2)(B), changed circumstances that materially affect an applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing the application by the deadline may qualify the alien for an exception. To qualify, the alien bears the burden of demonstrating changed or extraordinary circumstances to the satisfaction of the Attorney General. Since McNeil arrived in the United States in May 1988, he was required to file for asylum by April 1, 1997. He failed to meet this deadline and only asserted that he wished to apply for asylum at his hearing before IJ on December 21, 1998. Although the deadline for applying for asylum had passed, the IJ failed to determine whether McNeil qualified for an exception to the filing deadline. Instead, the IJ immediately denied McNeil's application for asylum on the basis that he was convicted of an aggravated felony. A factual determination must first be made, on remand, whether McNeil qualifies for an exception to apply for asylum. If McNeil does, in fact, demonstrate the existence of changed conditions

to the satisfaction of the Attorney General to justify his untimely application for asylum, then his application for asylum must be considered on its merits because the BIA's finding that McNeil's prior conviction for criminal sale of marijuana constitutes an aggravated felony is erroneous as explained below. Otherwise, if McNeil is unable to demonstrate changed conditions, then he cannot apply for asylum because his application was untimely.

Although the IJ and BIA both found that McNeil's conviction for criminal sale constituted an aggravated felony, we find this to be incorrect. McNeil has consistently maintained that his New York conviction for criminal sale did not constitute an aggravated felony, and he has raised this argument in each administrative proceeding. This Court has recognized two routes for determining whether a state drug conviction, for deportation purposes, constitutes an "aggravated felony." Under the first route (known as the "illicit trafficking in any controlled substance" route), the drug offense must (1) be a felony under the state law; and (2) contain a trafficking element, the unlawful trading or dealing of a controlled substance. *Gerbier v. Holmes*, 280 F.3d 297, 305 (3d Cir. 2002).[6] The second route (known as the "hypothetical felony" route) requires that the offense, however

---

[6] Generally, when determining whether an alien's conviction is for an aggravated felony, the court may look only to the statutory definition of the offense, and may not consider the particular facts underlying a conviction. *See Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir.2004). There is, however, an exception to this "categorical" approach that permits a court to look beyond the face of the statute to the charging instrument where the statute of conviction is phrased in the disjunctive. *Id*. at 162-63; *see also Valansi v. Ashcroft*, 278 F.3d 203, 214 (3d Cir. 2002) (examining underlying facts where "some, but not all" convictions under statute would qualify as aggravated felony). In this case the record fails to disclose any of the facts underlying McNeil's conviction.

characterized by the state, be punishable as a felony under the federal Controlled Substances Act (CSA). *Id*. at 306. Because McNeil's convictions were misdemeanors under state law, the aggravated felony determination must be made under the "hypothetical felony" route.

McNeil was convicted of violating N.Y. Penal Law § 221.40, which states that "[a] person is guilty of criminal sale of [marijuana] in the fourth degree when he knowingly and unlawfully sells [marijuana] except as provided in § 221.35 of this article." This class A misdemeanor carries a sentence that "shall not exceed one year." N.Y. Penal Law §§ 70.15 and 221.40. Under N.Y. Penal Law § 221.35, an individual who "knowingly and unlawfully sells, without consideration, one or more preparations, compounds, mixtures or substances containing [marijuana] and the preparations, mixtures or substances are of an aggregate weight of two grams or less; or one cigarette containing [marijuana]" is penalized for the criminal sale of marijuana. An offense would not be included in § 221.35 (and would be included in § 221.40) either if the sale was (1) for consideration; or (2) for an amount of more than two grams or one cigarette. *See* N.Y. Penal Law § 221.35. Under New York law, "sell" is defined as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same." N.Y. Penal Law § 220.00.

An individual may violate § 221.40 without that conviction qualifying as a federal felony. *See Steele,* 236 F.3d at 130. If an individual either sells for consideration less than two grams or one cigarette of marijuana or distributes without consideration more than two grams or one cigarette of marijuana (but less than 25 grams) then he has violated § 221.40

11

because the crime is not encompassed by § 221.35 (but has not risen to the 25 grams level of N.Y. Penal Law § 221.45). That state misdemeanor would not be a federal felony if it fell within the scope of 21 U.S.C. § 841(b)(4). Under § 841(b)(4), an individual who "distribut[es] a small amount of [marijuana] for no remuneration" shall be punished as if for simple possession under 21 U.S.C. § 844. A simple possession conviction under § 844 is punishable by a maximum term of imprisonment of one year, unless the individual has a prior narcotics conviction, which increases the maximum sentence to a period of two years. 21 U.S.C. § 844(a). Under 18 U.S.C. § 3559(a), a simple possession conviction without a prior narcotics conviction would be a federal misdemeanor (less than one year imprisonment), but the two year maximum sentence conviction would be a federal felony. Thus, a violation of N.Y. Penal Law § 221.40 is not categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).

This Court's precedents foreclose McNeil from being considered an aggravated felon under the "hypothetical felony" route based on his subsequent convictions. *See Steele,* 236 F.3d at 138; *Gerbier*, 280 F.3d at 300. In *Steele* and *Gerbier* we acknowledged that the CSA, 21 U.S.C. § 844(a), contains a sentence enhancement if there is a prior drug conviction under state or federal law that would result in a second misdemeanor conviction being considered a felony under the CSA. 236 F.3d at 138; 280 F.3d at 300. We held that "a prior conviction cannot be used to enhance a sentence for purposes of determining whether the alien has been convicted of an 'aggravated felony' when his prior conviction was never

12

litigated as part of the criminal proceeding in the crime for which the alien is being deported." *Gerbier*, 280 F.3d at 300. McNeil's other misdemeanor convictions were not so litigated. Therefore, BIA erred when it concluded that McNeil was an aggravated felon.

## IV. Conclusion

For the reasons set forth above, we will affirm, in part, the BIA's judgment that McNeil is ineligible for withholding of removal and cancellation of removal. We also find McNeil ineligible for relief under CAT. On the question of asylum, we will vacate the BIA's finding that McNeil's past conviction of criminal sale of marijuana constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and remand this case to the BIA with instructions to refer the case to the IJ for further proceedings consistent with this opinion.