United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 03-20059
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSEPH LELAND EVERIST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
m H-00-CR-689-ALL

_____

Before GARWOOD, HIGGINBOTHAM, and
SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Joseph Everist was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Section 922(g)(1) makes it unlawful, *inter alia*, for a person who has been convicted of a crime punishable by more than one year's imprisonment to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Everist was a felon, having been convicted and sentenced to more than a year's imprisonment for bank robberies. He possessed five firearms, several of which moved in interstate commerce in satisfaction of § 922(g)(1)'s jur-

isdictional requirement. He was convicted and sentenced to 180 months in prison.

Everist requested that this sentence be served wholly concurrently with a standing 300-month sentence for the bank robberies. The district court allowed 60 months of the sentence to be served concurrently, the remaining 120 consecutively. Everist challenges his conviction under § 992(g)(1) and the district court's manner of applying his partially concurrent sentence.

## I.

Everist makes a facial constitutional challenge to § 922(g)(1), arguing that the felon firearm possession statute deprives him of the constitutional right to keep and bear arms. In *United States v. Emerson*, 270 F.3d 203, 260 (5th Cir. 2001), we held that the Second Amendment "protects the rights of individuals, including those not then actually a member of any militia or engaged in active military service or training, to privately possess and bear their own firearms . . . ."

The Second Amendment right is subject to "limited narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country." *Id*. at 261. It is not inconsistent with the Second Amendment to limit the ability of convicted felons to keep and possess firearms.

Irrespective of whether his offense was violent in nature, a felon has shown manifest disregard for the rights of others. He may not justly complain of the limitation on his liberty when his possession of firearms would otherwise threaten the security of his fellow citizens. *See id.* (noting that "it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms"). Accordingly, § 922(g)(1) represents a limited and narrowly tailored exception to the freedom to possess firearms, reasonable in its purposes and consistent with the right to bear arms protected under the Second Amendment.[1] Everist's constitutional challenge to § 922(g)(1) fails.[2]

Everist asserts other constitutional theories respecting § 922(g)(1). He argues that the provision was enacted in excess of Congress's power under the Commerce Clause. That theory is foreclosed under Fifth Circuit precedent but is preserved for further review.[3] Everist's other theories, resting variously on the Tenth Amendment and Equal Protection Clauses, are meritless.

---

[1] We need not decide whether the Second Amendment's boundaries are properly defined through strict scrutiny analysis, though it remains certain that the federal government may not restrain the freedom to bear arms based on mere whimsy or convenience. *See Emerson*, 270 F.3d at 261.

[2] Other circuits, as well, have rejected constitutional challenges to § 922(g)(1). *See, e.g.*, *United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003); *United States v. Boer*, 235 F.3d 561, 564 (10th Cir. 2000); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 710 (7th Cir. 1999); *United States v. Johnson*, 497 F.2d 548, 550 (4th Cir. 1974).

[3] *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Gresham*, 118 F.3d 258, 264-65 (5th Cir. 1997); *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir. 1996); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996).

## II.

Everist contends that the district court acted improperly in sentencing him to a partially concurrent sentence of 180 months for his violation of the felon firearm possession statute. At the sentencing hearing, Everist requested that his sentence run concurrently with the 300-month sentence he was serving for bank robbery. After hearing Everist's reason, the district court allowed only 60 months to run concurrently. Everist does not dispute the calculation of the 180-month sentence—the court properly relied on the sentencing guidelines and the presentence report. Rather, Everist asserts that the court failed to abide by 18 U.S.C. § 3553(c)'s requirement that a court weigh appropriate factors and explain its reasoning in open court when a defendant requests a concurrent sentence.

We generally review the imposition of a consecutive sentence only for abuse of discretion, if the court relied on permissible factors. We review *de novo* the court's obedience to the sentencing guidelines and § 3553(c). Because Everist did not object to the court's implementation of § 3553(c) during the sentencing proceeding, we review this discrete issue for plain error. *See United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002); *United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002). We will correct plain error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997).

Section 3553(c) governs a court's consideration of the sentence and explanation for its reasoning. With respect to the imposition of concurrent or consecutive sentences, the statute requires the court to rely on allowable factors enumerated in § 3553(a).[4] Section

---

[4] At all times pertinent to this case, § 3553(a) provided:

The court, in determining the particular sentence to be imposed, shall consider§§

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed§§

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines . . .

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C.
(continued...)

3553(c) requires the court to state in open court the reasons for its imposition of a particular sentence.

The district court amply fulfilled its obligations under § 3553(c) with respect to the calculation of the 180-month sentence. It relied on and explained the presentence report and why it believe the 180-month sentence was appropriate, given the magnitude of the offense.

The court gave a much more truncated explanation, however, when, after hearing arguments from both sides, it denied Everist's request for a wholly concurrent sentence. The court revealed its reasoning only *via* a statement during Everist's attorney's arguments for a fully concurrent sentence. When counsel said that Everist had acquired his collection of guns because he "loves to hunt," the court interjected that "[h]e also loves to commit robberies." Nonetheless, we are confident that the court did not commit plain error either by failing to consider appropriate factors for the imposition of a partially concurrent sentence under § 3553(c) or by failing to communicate its reasoning in open court.

As this court has noted, other circuits require "little more" than "that the record merely not evidence a disregard for the § 3553(a)

_____

[4](...continued)
994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

factors." *United States v. Izaguirre-Losoya,* 219 F.3d 437, 440 (5th Cir. 2000). It is sufficient that "the proceedings imply consideration of the § 3553(a) factors." *Id.* The court already had made plain its view of the severity of Everist's conduct when it discussed the presentence report and the manner of the sentence calculation. Because the seriousness of the offense was an important and allowable element under § 3553(a), the court's statements imply consideration of relevant factors under the statute. Nothing in the record indicates disregard for the permissible factors under § 3553(a), so there is no plain error.

Nor did the court commit plain error in failing to state its reasons for assigning Everist a partially concurrent sentence. Although it would have been better, given the purposes of § 3553(c), if the court had carefully explained its full reasoning, the court already, and at length, had explained its displeasure with the severity of Everist's conduct and had noted especially his recidivism as respects bank robberies.

Everist and his counsel, when presented with the fact that only sixty months of his sentence were designated as concurrent, should have been neither surprised nor puzzled. In fact, the court was more lenient than it was required to be, by assigning any amount of the sentence as concurrent. And again, neither Everist nor his counsel had questions concerning the imposition of the partially consecutive sentence. There was no plain error.

Even if there were plain error, the sentence does not undermine the fairness, integrity, or reputation of judicial proceedings. Because Everist had a chance to inquire further of the court's reasoning, we cannot say that his opportunity to understand his sentence was

4

otherwise diminished by the manner in which the court conducted the proceedings.

AFFIRMED.