United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51105
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ESQUIVEL, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-377-ALL

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Antonio Esquivel, Jr. has appealed the thirty-six-month term of imprisonment imposed by the district court upon revocation of Esquivel's supervised release. We will uphold the sentence "unless it is in violation of law or is plainly unreasonable." *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000) (citation and

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

internal quotation marks omitted). We review the district court's factual findings for clear error. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 (5th Cir. 1994).

Esquivel contends that the sentence was unreasonably severe and that the district court did not state that it had considered the factors in 18 U.S.C. § 3553 before sentencing him. Esquivel's original conviction was a Class A felony. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (1995); 18 U.S.C. § 3559(a)(1). The district court may impose a term of imprisonment of not more than five years upon revocation of supervised release from a Class A felony. 18 U.S.C. § 3583(e)(3). The thirty-six-month term of imprisonment did not exceed the statutory maximum.

In arguing that the sentence was plainly unreasonable, Esquivel contends that the district court erred in finding that he had violated a condition of his supervised release by committing a law violation-theft. The theft was one of four violations found by the district court. Even if we were to conclude that the district court erred in finding that Esquivel had committed the theft, we would not necessarily conclude also that the sentence for the other three violations was plainly unreasonable. In any event, the district court's finding that Esquivel had committed the theft was not clearly erroneous. *See Alaniz-Alaniz*, 38 F.3d at 790. Because the statutory maximum was two years longer than the sentence imposed and because the district court arguably could have imposed

2

a more severe sentence, the sentence cannot be considered plainly unreasonable.

We review Esquivel's contention that the district court failed to consider the factors in 18 U.S.C. § 3553(a) only for plain error because Esquivel did not raise any objection in this respect in the district court. *See United States v. Everist*, ___ F.3d ___, slip op. 2164 (No. 03-20059, 5th Cir. April 27, 2004); *United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002); *United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001); *United States v. Izaquirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000). Implicit consideration of the section 3553(a) factors suffices. *Gonzalez* at 929-30. It can be inferred from the district court's comments at the revocation hearing that the district court considered most of the factors listed in section 3553(a) in determining the sentence. The record also reflects that the district court was aware of the applicable five to eleven month confinement period reflected in the policy statements contained in Chapter 7 of the United States Sentencing Commission Guidelines Manual. *See* U.S.S.G. §§ 7B1.1(a), 7B1.4. *See also* 18 U.S.C. §§ 3553(a)(4)(B), (5), and 3583(e).[1] We note also that the policy statements are advisory only and the district court is not bound to follow them. *United States v.*

---

[1]And, appellant does not question the five to eleven month period, but rather relies on it, and points out that it is applicable to a Grade C violation and Criminal History Category of III.

3

*Mathena*, 23 F.3d 87, 93 (5th Cir. 1994). Even if the district court erred and the error was plain, reversal would not be called for under clear error review because the sentence imposed did not exceed the statutory maximum, prejudice to Esquivel's substantial rights is highly doubtful and it is plain that if there were error it did not seriously affect the fairness, integrity or public reputation of judicial proceedings. *Gonzalez* at 930 n.10. The district court's order is

AFFIRMED.