United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DEAN GANN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CR-13-ALL-R
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Larry Dean Gann pleaded guilty to one count of being a felon in possession of a firearm, and the district court sentenced him to 235 months in prison and a five-year term of supervised release. The district court imposed this sentence to run consecutively to Gann's undischarged state sentence.

Gann argues in this appeal that the district court erred in imposing his federal sentence to run consecutively with his state sentence. Gann contends that the district court did not give due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration to the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3, did not sufficiently enunciate reasons for imposing the sentence to run consecutively, and erred by not considering incremental terms of imprisonment.

Gann has shown no error in the district court's judgment. The district court's comments at sentencing evince a sufficient consideration of the pertinent factors, and it did not abuse its discretion in imposing Gann's federal sentence to run consecutively to his state sentence.  See United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000).  These same comments constitute sufficient compliance with 18 U.S.C. § 3553(c) to survive plain error review.  See id.; see also United States v. Everist, __ F.3d __, 2004 WL 885266 at *2 (5th Cir. 2004).  Gann's argument concerning incremental punishments is unavailing because the district court was not required to consider such punishments.

Gann also argues that the district court erred by neglecting to inquire whether he had read the PSR and discussed it with counsel, as is required by FED. R. CRIM. P. 32(i)(1)(A).  Because Gann has shown no prejudice arising from this omission, he concomitantly has failed to show that this omission amounts to plain error.  See United States v. Esparza-Gonzales, 268 F.3d 272, 274 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.