United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60394
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LENNIE LITTLE,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-94-1
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Lennie Little appeals his 57-month, guilty-plea sentence for conspiracy to ship and transport firearms in interstate commerce by a convicted felon, 18 U.S.C. § 371.  Little asserts, for the first time, that the district court made no specific reference to the factors listed in 18 U.S.C. § 3553(a) in denying his request that the court order his federal sentence to run concurrently with his state sentence and its refusal thus constituted an abuse of discretion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Little's request for a concurrent sentence did not preserve a claim that the district court failed to properly articulate its reasons for imposing a consecutive sentence as required by 18 U.S.C. § 3553(c).  Accordingly, we review for plain error.  See United States v. Everist, 368 F.3d 517, 520 (5th Cir. 2004).

Here, the district court did not explicitly consider every one of the factors listed in 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3, but it did explicitly consider some of these factors.  At sentencing, the court considered the nature and circumstances of the offense and the characteristics of the defendant when it remarked that Little was not a small-time gun trafficker.  In addition, the Government's arguments alerted the district court to some of the other 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3 factors, including Little's risk for recidivism and criminal history and the need to protect the public.

Where, as here, the record reflects an implicit consideration of the 18 U.S.C. § 3553(a) factors, we will uphold a district court's decision to impose consecutive sentences.  See Everist, 368 F.3d at 521; United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000) (upholding the imposition of a consecutive sentence where district court made no explicit statement concerning pertinent factors but was alerted to these factors by the presentence report and defense counsel).  Little thus has not shown that the district court's consideration of the 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3 factors was deficient.

Little likewise has not established plain error in connection with the district court's compliance with 18 U.S.C. § 3553(c). Under the plain error standard of review, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected only if the error "affected the outcome of the district court proceedings." <u>Id.</u> at 734. Little has made no such showing. Accordingly, we affirm.

AFFIRMED.