United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 05-10330
c/w No. 05-10332
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GARY DEAN POSEY,**

**Defendant-Appellant.**

_____

**Appeals from the United States District Court
for the Northern District of Texas
(No. 2:97-CR-61-ALL & No. 2:98-CR-28-ALL)**

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Dean Posey appeals the consecutive 24-months sentences imposed following the revocations of his supervised release. He contends that, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005), the sentences were unreasonable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because they exceeded the recommended range without sufficient reasons being stated by the district court. The Government concedes the district court erred by assessing punishment under the Guidelines range for Grade B violations of Posey's supervised release despite Posey's having pleaded true to only Grade C violations.

As the Government contends, because Posey did not object to the sentences imposed at the revocation hearings, review is only for plain error. *See* **United States v. Olano**, 507 U.S. 725, 731-37 (1993). To establish reversible plain error, a defendant must show a clear or obvious error affected his substantial rights. *E.g.,* **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). Even if the defendant establishes these factors, we retain discretion to correct the error; generally, we will do so only if it "affects the fairness, integrity, or public reputation of judicial proceedings". **Id.**

Posey has demonstrated obvious error based on the Guidelines miscalculation. He has failed, however, to demonstrate the error affected his substantial rights. Although the revocation sentence resulted from a misapplication of the Guidelines, the sentences imposed fell within the two-year statutory maximum authorized upon revocation. *See* 18 U.S.C. §§ 922(g) and 924(a)(2); 18 U.S.C. § 3146 (a) and (b); 18 U.S.C. § 3583(e)(3). Posey does *not* claim the district court would have imposed a lesser sentence but for the Guidelines miscalculation and the record is devoid of any such

indication. Therefore, Posey has failed to demonstrate the revocation sentences constituted reversible plain error. Moreover, because each 24-months sentence did not exceed the statutory maximum, it was *not* unreasonable. ***United States v. Boykin***, No. 05-50704, 2006 WL 616031 at \*1 (5th Cir.), *cert. denied*, 127 S. Ct. 153 (U.S. Oct. 02, 2006) (unpublished); ***United States v. Esquivel***, 98 Fed. Appx. 995, 996 (5th Cir. 2004) (unpublished).

***AFFIRMED***