**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 15, 2012

No. 11-10670

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ELLIOTT BURNEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-121-Y

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Elliott Burney ("Burney") appeals his sentence of eighteen-months imprisonment following the revocation of his supervised release. Because we find that the district court erred in sentencing Burney on the basis of Burney having committed a Grade A violation, we VACATE and REMAND for resentencing.

**FACTS**

Burney pleaded guilty to possessing stolen mail in 2010. He was sentenced to twelve months and one day in prison and a three-year term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10670

release. His supervised release term began on January 30, 2011. In the first five months following supervised release, he violated several terms of his release, including: (1) admitting or testing positive for use of methamphetamines six times; (2) failing to report for urinalysis twice; (3) failing to report to group counseling five times; (4) being arrested for possession of a controlled substance in violation of Texas law. The district court filed a warrant for Burney's arrest on June 24, 2011. His supervised release violation report ("SRVR") indicated that being in possession of a controlled substance was a Grade A violation under U.S.S.G. § 7B1.1(a)(1) and § 7B1.3(a)(1) and therefore required mandatory supervised release revocation and carried a policy statement range of 24-30 months imprisonment. Because Burney's maximum sentence under the statute was two years imprisonment, his range was limited to twenty-four months.

At his revocation hearing, Burney pleaded true to every allegation except the allegation that he possessed methamphetamines, a Grade A violation. The government then dismissed this allegation. Despite the fact that Burney no longer warranted a sentence based upon a Grade A violation, the district court adopted the SRVR in full. Defense counsel informed the court that the guideline range should be different from the range given in the SRVR. The district court did not modify its adoption of the SRVR, and proceeded to find that Burney violated, among other conditions, "[s]tandard conditions relating to drug possession," and "committing another federal, state, or local crime." The district court further stated that the Grade A violation required revocation. The district court revoked Burney's release and sentenced him to eighteen months in prison and eighteen months of supervised release. Burney timely appealed.[1]

---

[1] Burney raised two issues on appeal. He argued, first, that the district court erroneously relied on his having committed a Grade A violation after the government dismissed that allegation. Burney also argued that his sentence was in plain error because the district court erroneously considered 18 U.S.C. § 3553(a)(2)(A) factors. We do not reach this second issue because we vacate the sentence and remand for resentencing on the basis of

No. 11-10670

## STANDARD OF REVIEW

Because Burney preserved his error below, we review the district court's interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992). We review sentences imposed on the revocation of a supervised release under a "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).[2]

## DISCUSSION

Burney argues that the district court erroneously relied on the SRVR for the purpose of finding Burney responsible for committing a Grade A violation, even after the government dismissed the only charge against Burney that amounted to a Grade A violation.

In reviewing Burney's sentence revocation under the plainly unreasonable standard, we apply a bifurcated review process. *Id.*; *see also Gall v. United*

---

Burney's first argument.

[2] At his sentencing hearing, when the district court adopted the SRVR, Burney's counsel interjected, objecting that "the guideline range would be different since the criminal violation was dismissed." The district court acknowledged Burney's objection, saying, "[y]es, sir." When a "defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). "The standard . . . shields this court from ruling on issues that have been insufficiently vetted below." *Id.* Objections must be raised below to place the district court on notice about potential issues for appeal, and to give the district court an opportunity to "clarif[y] or, if necessary, correct[] itself." *United States v. Hernandez-Martinez*, 485 F.3d 270, 272-273 (5th Cir. 2007). Therefore, objections that are too vague are reviewed on appeal for plain error because they cannot "alert the court to the legal argument he now presents." *Id.* at 272. Burney's objection was not too vague. Although he did not specifically refer to the methamphetamine charge as a Class A violation, he specifically informed the court that the SRVR's guideline range recommendation should be changed because the government dismissed the criminal violation. Of all Burney's violations, only possession of methamphetamine resulted in a criminal charge, and it was the only violation that the government dismissed and the only violation that the SRVR identified as being a Class A violation. Moreover, the district court, by saying "yes, sir," indicated to Burney that it understood the objection. The district court therefore was placed on sufficient notice about this issue as to preserve it for appeal.

3

No. 11-10670

*States*, 552 U.S. 38, 51 (2007) (establishing a bifurcated process for reviewing sentences). We first evaluate whether the district court procedurally erred; if there is no error, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Miller*, 643 F.3d at 843. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51. We have held that "a district court must always '*correctly* calculat[e] the applicable Guidelines range' before imposing a sentence." *United States v. Ibarra-Luna*, 628 F.3d 712, 713 (5th Cir. 2010) (citing *United States v. Morales-Sanchez*, 609 F.3d 637, 641-42 (5th Cir. 2010)).

At Burney's sentencing hearing, the district court explicitly and without reservation adopted the SRVR, despite the fact that the SRVR included a factual finding that Burney was responsible for possession of methamphetamine, the only Grade A violation alleged against Burney. The government dismissed that charge at the sentencing hearing. The district court did not modify its adoption of the SRVR, even after the defense reminded the district court that Burney was no longer being held accountable for the possession charge and therefore warranted a different guideline range. The district court then noted that "[t]he Chapter 7 policy statements require that the Court revoke supervision for a Grade A violation." The government concedes that the district court erred in concluding that Burney committed a Grade A violation. We conclude that the district court clearly erred when it referred to Burney having committed a Grade A violation and when it adopted the SRVR's finding that Burney committed a Grade A violation.

An error in calculating the policy statement range will be reversed only if the error is found to be harmful. "[A] sentencing error may not be found harmless unless the proponent of the sentence 'proffer[s] sufficient evidence to convince the appellate court that the district court would have imposed the same

No. 11-10670

sentence, absent the error.'" *Ibarra-Luna*, 628 F.3d at 718 (second alteration in original). The government argues that the error was harmless because the district court imposed a non-Guideline sentence. A sentence need not be vacated based on an incorrect calculation procedural error if "the district court imposes a non-Guideline sentence and that advisory sentence did not directly 'result' from any Guideline error." *United States v. Tzep-Mejia*, 461 F.3d 522, 526 (5th Cir. 2006). However, a below-Guideline or non-Guideline sentence does not necessarily render harmless an improper Guideline calculation. As we explained in *Ibarra-Luna*:

> Even when the district court ultimately decides to impose a sentence outside the Guidelines range, an error in its Guidelines calculation may still taint the non-Guidelines sentence. For instance, the district court might settle upon a particular non-Guidelines sentence . . . by starting with the Guidelines range and adding *or subtracting* a fixed number of years. In such cases it may be clear that the district court's reasons for rejecting a sentence in the Guidelines range are unaffected by the error, but the error nevertheless is not harmless because the district court would not have imposed the very same sentence.

*Id.* (emphasis added).

The government has not shown that district court's erroneous reliance on the Grade A violation did not "taint" the non-guidelines sentence. In addition to adopting the SRVR and referencing the Grade A violation in holding that revocation was mandatory, the district court cited the fact that Burney "incurred a new felony drug arrest in Tarrant County"as a reason for sentencing Burney to an 18-month sentence. We therefore conclude that the sentence directly resulted from the error.

The government also argues that the error was harmless because the court relied on the Grade A violation only in finding that revocation was mandatory, and not in choosing the length of the prison term. To support its position, the government noted that the district court only explicitly referenced the Grade A

violation when it found that Burney's action required revocation. However, this is not evidence that the district court therefore did *not* rely on that Grade A violation in sentencing Burney. Indeed, the district court did specifically reference "a new felony drug arrest" when sentencing Burney. Moreover, the district court sentenced Burney and determined that revocation was mandatory only after adopting in full the SRVR, which found Burney accountable for a Grade A violation.

The government did not show that the district court would not have given Burney a lower sentence, absent its error. Therefore, it has not shown that the procedural sentencing error was harmless.

## CONCLUSION

For the reasons given, we VACATE the sentence and REMAND for resentencing.

No. 11-10670

JERRY E. SMITH, Circuit Judge, dissenting.

The panel majority blames a district judge for misunderstanding defense counsel's objection when that lawyer took no action to help correct or point out the obvious confusion. Because our precedent requires attorneys to take responsibility for presenting and clarifying their side's arguments in district court, I respectfully dissent.

After the district court adopted the statements contained in the supervised release violation report ("SRVR"), defense counsel objected: "[H]aving adopted the [SRVR], the guideline range would be different since the criminal violation—if it matters, the guideline range would be different since the criminal violation was dismissed." The court responded, "Yes, sir." *Id.* After noting that it had reviewed all the evidence, the court stated, "The Chapter 7 policy statements require that the Court revoke supervision for a Grade A violation pursuant to Section 7B1.3(a)(1) of the sentencing guidelines . . . ."

Defense counsel never objected to the court's use of "Grade A violation" during or after pronouncement of sentence. Objections in the district court must be "ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action." *Douglas v. Alabama*, 380 U.S. 415, 422 (1965). The preemptive objection to the sentence here failed to preserve the error, because the combination of the court's "Yes, sir" in response to the objection, but use of "Grade A violation" during the sentence, plainly shows a misunderstanding regarding the nature of the objection. Counsel's failure to clarify the precise objection, when it was plain the court neither followed it nor told him it was rejected, cost the court the opportunity to correct its mistake.

7

No. 11-10670

One cannot distill the requirements for preserving objections into one-size-fits-all criteria; the standard is functional rather than formalistic. The purpose of reviewing objections that are not addressed in the district court only for plain error is to make counsel vigilant so that issues that can be addressed in the district court will be.[1] We should not be asking whether some theoretical judge could have understood—given what words the attorney used and what information was on the record—the error to which he was objecting. But, rather, we need to determine whether the attorney took the steps necessary to ensure the district judge recognized the alleged error and decided on a corrective action (if any) to take.

Here, comparing the district court's reaction to Burney's objection with the announced sentence shows that the objection did not bring the error regarding the grade to the court's attention so it could address the problem. When the court accepted the SRVR, defense counsel objected, "[T]he guideline range would be different since the criminal violation was dismissed." The court responded, "Yes, sir," which suggests the court either agreed with the objection or at least accepted the input. Yet, when the court read the sentence, it still said "Grade A." The guideline range can be lowered in only two ways: (a) Reduce the grade or (b) reduce the criminal history. Thus, there are only three possibilities why, in the face of defense counsel's objection, the judge would still have said a "Grade A" violation occurred: The court (1) did

---

[1] *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012) ("The purpose of plain error review is to instill in litigators the importance of . . . as necessary, clarifying issues to th[e] court. Timely, adequate objections allow the trial court to rule in the first instance and, if necessary, correct itself without spawning an appeal. This standard usually shields the district court from reversal because of error that was unwittingly committed, because not brought to its attention").

not realize Burney was objecting to the grade,[2] (2) misspoke and meant to say Grade B,[3] or (3) overruled the objection.

Because the court did not overrule Burney's pre-emptive objection, identifying the problem to the district court after sentence was announced would have immediately rectified the situation. Of the three options provided above, the only thing we know for certain is that option 3 did not occur: "Yes, sir" is not a denial. Both options 1 and 2 would have been rectified by a timely clarification: Burney's attorney only had to say that the offense should not be Grade A, because the sole Grade A offense was dropped. If the court did not realize that Burney meant to object to the grade before, pointing out that the violation was not Grade A would have cleared up the miscommunication. If the judge meant to say "Grade B," then he would have corrected his previous statement. Either way, the exchange takes a matter of seconds, avoiding the unnecessary invocation of the appellate process and resentencing.

The adversarial process is fundamental to our criminal justice system.[4] We help incentivize this vigorous representation in the trial court—preserving the truth-seeking function it achieves—by reviewing only for plain error those issues that counsel fails adequately to object to and clarify in the district court. The strictness of plain-error review embodies that incentive-based decisionmaking, because plain error is met only by "error

---

[2] That is, the court thought counsel was objecting to the criminal history, thought he was merely requesting a downward departure because Burney is charged with fewer violations than originally included in the SRVR, or something else entirely.

[3] The remaining violations easily qualify as Grade B, which also provides for mandatory revocation.

[4] *Penson v. Ohio*, 488 U.S. 75, 84 (1988) ("The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth-as well as fairness-is best discovered by powerful statements on both sides of the question." (internal quotation marks omitted)).

No. 11-10670

so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163 (1982).

When we start asking judges and prosecutors to make defendants' arguments for them, we turn the entire adversarial process on its head. That is why we review plain error so strictly: because it is the defense attorney's duty to challenge mistakes that harm his client's position. Appellate courts reverse an error the defense did not adequately present only if it is so extreme that even the adversarial system is not worth preserving at the cost of tolerating it. This illustrates just how weighty the burden is on defense counsel to help the district court understand his client's position and the relevant law.

Yet, the incentives that plain-error review sets cannot succeed when appellate courts—as here—circumvent the standard by finding objections properly preserved despite obvious displays of confusion from the district court and ambivalence from defense counsel. If plain-error review serves to increase trial attorney performance—as our precedent claims it does—then decisions narrowing the application of plain-error review can only reduce the quality of representation at trial.

It was evident from the district court's statements regarding sentencing that there was miscommunication regarding counsel's objection. The issue should have been brought to the court's attention so it could have been addressed at the time, rather than making this appellate court guess at what occurred in the district court. We are presented with a district court's inadvertent error, which should have been caught and brought to the court's attention by vigilant counsel. Because defense counsel failed in this regard, plain-error review is appropriate.

No. 11-10670

B.

Under plain-error review, Burney is not entitled to relief.  The plain-error test has four prongs: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997). The first two prongs are met:  Burney was plainly not guilty of a Grade A violation. Prong three is met where "the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence."  *United States v. Garcia-Quintanilla*, 574 F.3d 295, 303-04 (5th Cir. 2009).  In *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010), the district court sentenced Davis to 24 months for breaking the terms of his supervised release, after determining his advisory range was 15-21 months for a Grade A violation.  On appeal, we decided that Davis had committed a Grade B violation; the proper range was therefore 6-12 months.  *Id.*  We concluded there was no plain error, because Davis had not shown "a reasonable probability that the district court's consideration of an incorrect advisory range affected his sentence."  *Id.* at 648. The district court primarily relied on the seriousness of Davis's violations when deciding his sentence, *id.* at 648-49, and "had ample independent bases for imposing the sentence that it did, and Davis has cited no statements in the record to indicate that the court . . . relied on the incorrect advisory range in determining his sentence," *id.* at 649.

Moreover, we have found prong three not met in similar situations where "although the revocation sentence resulted from a misapplication of the Guidelines, the sentences imposed fell within the two-year statutory maximum authorized upon revocation."[5]  In *United States v. Mitchell*, 212 F.

---

[5] *United States v. Posey*, 212 F. App'x 302, 303 (5th Cir. 2007) (affirming on plain-error
(continued...)

11

No. 11-10670

App'x 319, 320 (5th Cir. 2007), we affirmed on plain-error review a statutory maximum revocation sentence of 24 months even though the district court had erroneously concluded that the defendant had committed a Grade A violation when the violation was truly Grade B. The sentence fell within the two-year statutory period, and the defendant had not shown that the court would have imposed a lesser sentence but for the guideline miscalculation.

Here, the district court also "had ample independent bases for imposing the sentence that it did." *Davis*, 602 F.3d at 649. Burney violated the terms of his release as soon as it began by using drugs, by refusing to report for testing, by refusing to participate in counseling, and by being arrested for possession of methamphetamine. Furthermore, as in *Davis*, nothing in the record suggests that the court relied on the incorrect range of 24 months when deciding the sentence. Because Burney's 18-month sentence was less than the statutory maximum of 24 months, and Burney has not shown that the district court would have imposed a lesser sentence but for the miscalculation, Burney has not demonstrated the error effected his substantial rights.

Even if prong 3 were met, this case would fail under the fourth prong of plain-error review. Despite the fact that the guideline recommendation for Grade A here is 24 months, the district court sentenced Burney to only 18 months; the guideline range for a Grade B violation would be 12-18 months. Thus, the sentence originally given to Burney falls within the proper range for Grade B. The error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings because, despite being sentenced for the wrong offense level, Burney instead received a sentence appropriate

---

[5] (...continued)
review a statutory maximum revocation sentence of 24 months even though the district court had erroneously concluded that the defendant had committed a Grade B violation).

No. 11-10670

for his proper offense level.  The fourth prong is not satisfied where the sentence is within what is recommended by the guidelines.

In summary, we should review here only for plain error, and the plain-error requirements are not met, so the sentence should be affirmed. I respectfully dissent.