JERRY E. SMITH, Circuit Judge,
dissenting.
The panel majority blames a district judge for misunderstanding defense counsel’s objection when that lawyer took no action to help correct or point out the obvious confusion. Because our precedent requires attorneys to take responsibility for presenting and clarifying their side’s arguments in district court, I respectfully dissent.
After the district court adopted the statements contained in the supervised release violation report (“SRVR”), defense counsel objected: “[HJaving adopted the [SRVR], the guideline range would be different since the criminal violation — if it matters, the guideline range would be different since the criminal violation was dismissed.” The court responded, “Yes, sir.” Id. After noting that it had reviewed all the evidence, the court stated, “The Chapter 7 policy statements require that the Court revoke supervision for a Grade A violation pursuant to Section 7B1.3(a)(1) of the sentencing guidelines.... ”
Defense counsel never objected to the court’s use of “Grade A violation” during or after pronouncement of sentence. Objections in the district court must be “ample and timely to bring the alleged federal *741 error to the attention of the trial court and enable it to take appropriate corrective action.” Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The preemptive objection to the sentence here failed to preserve the error, because the combination of the court’s “Yes, sir” in response to the objection, but use of “Grade A violation” during the sentence, plainly shows a misunderstanding regarding the nature of the objection. Counsel’s failure to clarify the precise objection, when it was plain the court neither followed it nor told him it was rejected, cost the court the opportunity to correct its mistake.
One cannot distill the requirements for preserving objections into one-size-fíts-all criteria; the standard is functional rather than formalistic. The purpose of reviewing objections that are not addressed in the district court only for plain error is to make counsel vigilant so that issues that can be addressed in the district court will be.[1] We should not be asking whether some theoretical judge could have understood — given what words the attorney used and what information was on the record — the error to which he was objecting. But, rather, we need to determine whether the attorney took the steps necessary to ensure the district judge recognized the alleged error and decided on a corrective action (if any) to take.
Here, comparing the district court’s reaction to Burney’s objection with the announced sentence shows that the objection did not bring the error regarding the grade to the court’s attention so it could address the problem. When the court accepted the SRVR, defense counsel objected, “[T]he guideline range would be different since the criminal violation was dismissed.” The court responded, “Yes, sir,” which suggests the court either agreed with the objection or at least accepted the input. Yet, when the court read the sentence, it still said “Grade A.” The guideline range can be • lowered in only two ways: (a) Reduce the grade or (b) reduce the criminal history. Thus, there are only three possibilities why, in the face of defense counsel’s objection, the judge would still have said a “Grade A” violation occurred: The court (1) did not realize Burney was objecting to the grade,[2] (2) misspoke and meant to say Grade B,[3] or (3) overruled the objection.
Because the court did not overrule Bur-ney’s pre-emptive objection, identifying the problem to the district court after sentence was announced would have immediately rectified the situation. Of the three options provided above, the only thing we know for certain is that option 3 did not occur: ‘Tes, sir” is not a denial. Both options 1 and 2 would have been rectified by a timely clarification: Burney’s attorney only had to say that the offense should not be Grade A, because the sole Grade A offense was dropped. If the court did not realize that Burney meant to object to the grade before, pointing out that the violation was not Grade A would have cleared *742 up the miscommunieation. If the judge meant to say “Grade B,” then he would have corrected his previous statement. Either way, the exchange takes a matter of seconds, avoiding the unnecessary invocation of the appellate process and resen-tencing.
The adversarial process is fundamental to our criminal justice system.[4] We help incentivize this vigorous representation in the trial court — preserving the truth-seeking function it achieves — by reviewing only for plain error those issues that counsel fails adequately to object to and clarify in the district court. The strictness of plain-error review embodies that incentive-based decisionmaking, because plain error is met only by “error so ‘plain’ the trial judge and prosecutor were derelict in countenancing it, even absent the defendant’s timely assistance in detecting it.” United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).
When we start asking judges and prosecutors to make defendants’ arguments for them, we turn the entire adversarial process on its head. That is why we review plain error so strictly: because it is the defense attorney’s duty to challenge mistakes that harm his client’s position. Appellate courts reverse an error the defense did not adequately present only if it is so extreme that even the adversarial system is not worth preserving at the cost of tolerating it. This illustrates just how weighty the burden is on defense counsel to help the district court understand his client’s position and the relevant law.
Yet, the incentives that plain-error review sets cannot succeed when appellate courts — as here — circumvent the standard by finding objections properly preserved despite obvious displays of confusion from the district court and ambivalence from defense counsel. If plain-error review serves to increase trial attorney performance — as our precedent claims it does— then decisions narrowing the application of plain-error review can only reduce the quality of representation at trial.
It was evident from the district court’s statements regarding sentencing that there was miscommunieation regarding counsel’s objection. The issue should have been brought to the court’s attention so it could have been addressed at the time, rather than making this appellate court guess at what occurred in the district court. We are presented with a district court’s inadvertent error, which should have been caught and brought to the court’s attention by vigilant counsel. Because defense counsel failed in this regard, plain-error review is appropriate.
B.
Under plain-error review, Burney is not entitled to relief. The plain-error test has four prongs: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The first two prongs are met: Burney was plainly not guilty of a Grade A violation. Prong three is met where “the appellant can show a reasonable probability that, but for the district court’s error, the appellant would have received a lower sentence.” United States v. Garcia-Quintanilla, 574 F.3d 295, 303-04 (5th Cir.2009). In United States v. Davis, 602 F.3d 643, 646 (5th Cir.2010), the *743 district court sentenced Davis to 24 months for breaking the terms of his supervised release, after determining his advisory range was 15-21 months for a Grade A violation. On appeal, we decided that Davis had committed a Grade B violation; the proper range was therefore 6-12 months. Id. We concluded there was no plain error, because Davis had not shown “a reasonable probability that the district court’s consideration of an incorrect advisory range affected his sentence.” Id. at 648. The district court primarily relied on the seriousness of Davis’s violations when deciding his sentence, id. at 648-49, and “had ample independent bases for imposing the sentence that it did, and Davis has cited no statements in the record to indicate that the court ... relied on the incorrect advisory range in determining his sentence,” id. at 649.
Moreover, we have found prong three not met in similar situations where “although the revocation sentence resulted from a misapplication of the Guidelines, the sentences imposed fell within the two-year statutory maximum authorized upon revocation.”[5] In United States v. Mitchell, 212 Fed.Appx. 319, 320 (5th Cir.2007), we affirmed on plain-error review a statutory maximum revocation sentence of 24 months even though the district court had erroneously concluded that the defendant had committed a Grade A violation when the violation was truly Grade B. The sentence fell within the two-year statutory period, and the defendant had not shown that the court would have imposed a lesser sentence but for the guideline miscalculation.
Here, the district court also “had ample independent bases for imposing the sentence that it did.” Davis, 602 F.3d at 649. Burney violated the terms of his release as soon as it began by using drugs, by refusing to report for testing, by refusing to participate in counseling, and by being arrested for possession of methamphetamine. Furthermore, as in Davis, nothing in the record suggests that the court relied on the incorrect range of 24 months when deciding the sentence. Because Burney’s 18-month sentence was less than the statutory maximum of 24 months, and Burney has not shown that the district court would have imposed a lesser sentence but for the miscalculation, Burney has not demonstrated the error effected his substantial rights.
Even if prong 3 were met, this case would fail under the fourth prong of plain-error review. Despite the fact that the guideline recommendation for Grade A here is 24 months, the district court sentenced Burney to only 18 months; the guideline range for a Grade B violation would be 12-18 months. Thus, the sentence originally given to Burney falls within the proper range for Grade B. The error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings because, despite being sentenced for the wrong offense level, Burney instead received a sentence appropriate for his proper offense level. The fourth prong is not satisfied where the sentence is within what is recommended by the guidelines.
In summary, we should review here only for plain error, and the plain-error requirements are not met, so the sentence should be affirmed. I respectfully dissent.

. United States v. Chavez-Hernandez, 671 F.3d 494, 497 (5th Cir.2012) ("The purpose .of plain error review is to instill in litigators the importance of ... as necessary, clarifying issues to th[e] court. Timely, adequate objections allow the trial court to rule in the first instance and, if necessary, correct itself without spawning an appeal. This standard usually shields the district court from reversal because of error that was unwittingly committed, because not brought to its attention”).

. That is, the court thought counsel was objecting to the criminal history, thought he was merely requesting a downward departure because Burney is charged with fewer violations than originally included in the SRVR, or something else entirely.

. The remaining violations easily qualify as Grade B, which also provides for mandatory revocation.

. Penson v. Ohio, 488 U.S. 75, 84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) ("The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth — as well as fairness — is best discovered by powerful statements on both sides of the question." (internal quotation marks omitted)).

. United States v. Posey, 212 Fed.Appx. 302, 303 (5th Cir.2007) (affirming on plain-error review a statutory maximum revocation sentence of 24 months even though the district court had erroneously concluded that the defendant had committed a Grade B violation).