# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRAYTONIA LATROY BADGER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-14-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Craytonia Latroy Badger pleaded guilty to one count of possession of fifteen or more counterfeit or unauthorized access devices, based on the discovery of social security numbers and other identifying information in his personal space while he was incarcerated in Mississippi. After denying Badger's motion to withdraw his guilty plea, the district court calculated his sentencing guidelines range based on a loss amount that included $507,791 in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60054

fraudulent tax returns filed using the identifying information in his possession. The district court sentenced Badger to 63 months of imprisonment, running consecutively to an undischarged Arkansas sentence of imprisonment. Badger now appeals, challenging the denial of the motion to withdraw his guilty plea, the loss calculation, and the consecutive nature of the sentence. Finding no error, we affirm.

First, Badger fails to show that the district court abused its discretion by denying his motion to withdraw his guilty plea. *See United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). The pertinent *Carr* factors, including the district court's factual finding that Badger's testimony was not credible, support the denial of the motion. *See United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998); *Carr*, 740 F.2d at 343-44.

Second, Badger fails to show that the district court clearly erred in its loss calculation. *See United States v. Morrison*, 713 F.3d 271, 279 (5th Cir. 2013). The amount calculated by the district court is plausible in light of the record as a whole, which included the testimony of the case agent who investigated the fraud and possessed sufficient indicia of reliability. *See United States v. Hearns*, 845 F.3d 641, 649 (5th Cir.), *cert. denied* 137 S. Ct. 2143 (2017); U.S.S.G. § 6A1.3(a).

Third, Badger fails to demonstrate procedural or substantive error with respect to the consecutive sentence. *See United States v. Setser*, 607 F.3d 128, 130 (5th Cir. 2010); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The district court's explanation of the consecutive sentence was procedurally adequate. *See Mondragon-Santiago*, 564 F.3d at 360; *see also United States v. Everist*, 368 F.3d 517, 520-21 (5th Cir. 2004). The record does not support Badger's contention that the district court imposed a substantively unreasonable consecutive sentence based on a misconception regarding his

No. 17-60054

undischarged Arkansas sentence or that the district court otherwise abused its discretion. *See Setser*, 607 F.3d at 130.

AFFIRMED.