IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 06-20922

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN URIEL GARZA, agent of Juan Uriel Garza-Garza,
also known as Juan Diaz Garza,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
4:06-CR-259-1

Before JONES, Chief Judge, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The issue before the court is whether Garza's prior Texas conviction for being a felon in possession of a weapon qualifies as an "aggravated felony" because it is "described in" 18 U.S.C. § 922(g). Because we find that it does, we find the district court's application of the eight-level enhancement proper, and AFFIRM.

I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On July 26, 2006, a federal grand jury indicted Garza for being found unlawfully present in the United States after being previously convicted of an aggravated felony and subsequently removed, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). On September 7, 2006, Garza pled guilty to the indictment without a plea agreement.

The probation officer prepared a presentence investigation report ("PSR") utilizing the 2005 edition of the sentencing guidelines. The base offense level was eight, with an eight-level increase under the United States Sentencing Guidelines ("USSG") § 2L1.2(b)(1)(C) for Garza's prior Texas conviction for possession of a firearm by a felon,[1] and a three-level reduction for accepting responsibility, for a total offense level of thirteen. Garza's criminal history score was thirteen, placing him in criminal history category VI. His applicable guidelines range was thirty-three to forty-one months.

Garza objected to the PSR's application of the eight-level enhancement, contending that neither of his prior offenses qualified as an aggravated felony under § 2L1.2(b)(1)(C). The district court overruled Garza's challenge. With regard to the felon-in-possession conviction, the district court stated that United States v. Castillo-Rivera, 244 F.3d 1020 (9th Cir. 2001), supported application of the enhancement. Garza was sentenced to forty-one months in prison, to be followed by a three-year term of supervised release. Garza timely appealed.

## II. APPLICABLE LAW

This Court reviews de novo the district court's interpretation of the USSG. United States v. Sarmiento-Funes, 347 F.3d 336, 338 (5th Cir. 2004).

---

[1] The PSR also indicated that Garza's prior conviction for possession of marijuana would qualify for the 8-level increase under 2L1.2(b)(1)(C). The district court found that this conviction would serve as an alternative basis for the increase, but this finding is incorrect in light of Lopez v. Gonzales, 127 S. Ct. 625, 633 (2006). Recognizing this, on appeal the Government only asserts Garza's felon-in-possession conviction as supporting the 8-level increase.

Under § 2L1.2 (b)(1)(C) of the USSG, a district court must increase a defendant's total offense level by eight levels if the defendant had been previously deported after conviction for an "aggravated felony." The guidelines provide that "aggravated felony" has the meaning given that term in § 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43), which contains a lengthy list of categories of "aggravated felonies." The parties agree that the only relevant category in this case is set out by § 1101(a)(43)(E)(ii), which states that "aggravated felonies" include "an offense described in § 922 (g)(1) . . . of Title 18, United States Code (relating to firearm offenses)." Section 922(g)(1), in relevant part, prohibits anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition."

The Texas statute under which Garza was convicted, Texas Penal Code ("TPC") § 46.04, bars possession of a firearm by a felon for the first five years following the felon's release from prison or supervision, as well as possession of a firearm outside the home after that five year period. Tex. Penal Code § 46.04.

### III. DISCUSSION

The issue on appeal is whether Garza's conviction for felon-in-possession under TPC § 46.04 is an "offense described in § 922(g)(1)."

Garza argues that the district court erred in imposing the eight-level enhancement because his Texas firearm conviction did not constitute an aggravated felony. He contends that § 1101(a)(43)(E)(ii)'s use of the terms "described in" indicates that any state statute must contain the same elements as the federal statute. Here, the Texas statute is both broader and narrower than the federal statute, and thus does not contain the same elements. The statute is narrower than the federal law because, after five years, a felon possessing a firearm in his home would not have committed an offense under state law, but could still be charged under § 922(g)(1). He contends the Texas

statute is broader than the federal statute because Texas does not require that the firearm possession be "in or affecting commerce." The Government argues that the enhancement was proper, relying on the Ninth Circuit's decision in United States v. Castillo-Rivera, 244 F.3d 1020, 1021-24 (9th Cir. 2001), which found that a state felon-in-possession statute is "described in" § 922(g) even though the state statute lacked an interstate commerce element. The Government further argues that Garza reads the "described in" language too narrowly and that the distinctions between the federal and state statutes are insufficient to establish that the Texas offense is not an aggravated felony.

In determining whether an offense qualifies as an aggravated felony, we begin by making a categorical comparison between the state statute of conviction and the relevant definition of an aggravated felony in § 1101(a)(43). See Lopez v. Gonzales, 127 S. Ct. 625, 633 (2006) (a state offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that federal law); see also United States v. Diaz-Diaz, 327 F.3d 410, 414-415 (5th Cir. 2003). If the full range of conduct covered by the statute of conviction falls within the meaning of an aggravated felony under § 1101(a)(43), then the state offense will be considered an aggravated felony. Here, both TPC § 46.04 and § 922(g)(1) generally prohibit a person from possessing a firearm after a felony conviction. However, conviction under the federal statute requires proof that the firearm was possessed "in or affecting commerce," while the Texas statute requires no such showing. Garza therefore argues, that because the full range of conduct encompassed by the state statute in question includes possession of a firearm without an interstate commerce nexus, his conviction does not constitute an aggravate felony as an offense described in the federal felon in possession provision. However, the Government argues that the interstate commerce nexus in the federal statute is merely a jurisdictional basis and the lack of such a requirement in the Texas statute does

not remove the Texas statute from inclusion as an offense "described in § 922(g)(1)." With the exclusion of the link to interstate commerce, it is clear that the conduct proscribed by TPC § 46.04 would result in a federal conviction under § 922(g)(1). Thus, the relevant inquiry is whether the connection to interstate commerce is an essential element of the offense, or whether it is merely jurisdictional.

It is undisputed that in order to obtain a conviction under § 922(g), the government must prove that the "defendant's charged possession of the [firearm] was 'in or affecting commerce.'" United States v. Chambers, 408 F.3d 237, 241 (5th Cir. 2005). However, in Castillo-Rivera, the Ninth Circuit addressed § 922(g) and found that the interstate commerce nexus required by the federal statute is a "mere jurisdictional requirement," not an essential element of the offense. 244 F.3d at 1023. The court found that the wording of 8 U.S.C. § 1101(a)(43) "makes evident that Congress clearly intended state crimes to serve as predicate offenses for the purpose of defining what constitutes an aggravated felony." Id. Further, interpreting the jurisdictional element of § 922(g) to be necessary in order for a state firearm conviction to constitute an aggravated felony under § 1101(a)(43)(E)(ii) would reduce the number of state firearm offenses that would qualify to "no more than a negligible number." Id. In addition, the court noted, the sentencing guidelines themselves support this conclusion, as the relevant guideline provides that "[f]irearms offense means any offense covered by Chapter Two, Part K, Subpart 2, or any similar offense under state or local law." Therefore, the Ninth Circuit concluded that the defendant's prior California felon-in-possession conviction was an offense "described in" § 922(g)(1) and qualified as an aggravated felony under § 1103(a)(43)(E)(ii). See also United States v. Mendoza-Reyes, 331 F.3d 1119, 1121 (9th Cir. 2003) (Washington state conviction for felon-in-possession constitutes an aggravated felony under § 1103(a)(43)(E)(ii)).

We agree with the Ninth Circuit, and reject Garza's argument that § 922(g)'s connection with interstate commerce is an essential element of the offense for this analysis. Looking at § 922(g)(1), the core of the offense proscribed is conviction of a felony and ownership and possession of a handgun. This is the same conduct prohibited by the Texas statute. As we have previously stated, in a federal criminal statute, the "interstate commerce [requirement] serves as a mere jurisdictional hook," United States v. Webster, 162 F.3d 308, 330 (5th Cir. 1998), not an essential element of the offense. Garza is correct in his assertion that in order for a state conviction to constitute an aggravated felony "described in" a specific federal statute, the state statute must proscribe conduct punishable as a felony under that federal statute. See, e.g. Diaz-Diaz, 327 F.3d at 415; McNeil v. Attorney General of the United States, No. 05-4512, 2007 U.S. App. LEXIS 20582 (3d Cir. 2007) (conviction under state statute does not qualify as an aggravated felony because an individual may violate state statute without that conviction qualifying as a federal felony). This will ordinarily require a showing that the elements of the state offense are contained within the elements of the federal offense. However, a connection with interstate commerce is not an essential element for the purpose of this analysis. Therefore, we conclude that a state felon in possession offense is not required to include a commerce nexus as one of its elements in order to qualify as an aggravated felony for sentencing purposes.

Garza also argues the Texas statute is narrower than the federal law, and thus a conviction under the state statute would not be "described in" § 922(g)(1). He points to the fact that under TPC § 46.04, after five years, a felon possessing a firearm in his home would not have committed an offense under state law, but could still be charged under § 922(g)(1). While this is an identifiable difference between the two statutes, it is not relevant to our inquiry. The essential question that the court must face when determining whether a state offense

constitutes an aggravated felony "described in" a federal statute is whether the state offense would be punishable under the federal statute. See Lopez v. Gonzales, 127 S. Ct. 625, 633 (2006). That a state offense encompasses less behavior than a federal offense does not change the fact that any behavior punished by the state offense would be punishable under the federal offense.

Here, with the exception of the jurisdictional link to interstate commerce, conduct criminalized under the state statute would be punishable under the federal statute as well. Therefore, we hold that Garza's conviction under TPC § 46.04 is a felony "described in" § 922(g)(1), and thus constitutes an aggravated felony within the meaning of § 1101(a)(43)(E)(ii). The eight-level enhancement applied by the district court was proper.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Garza also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

## IV.   CONCLUSION

Because we conclude that Garza's prior conviction under TPC § 46.04 is an offense described in § 922(g)(1), and thus constitutes an aggravated felony, we AFFIRM the district court's application of the 8-level enhancement.