# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2009

No. 09-60261
Summary Calendar

Charles R. Fulbruge III
Clerk

JULIAN NIETO HERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before KING, DAVIS, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Petitioner Julian Nieto Hernandez ("Nieto") petitions this court for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his petition for cancellation of removal. We find no error in the BIA's decision. Accordingly, we DENY Nieto's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nieto is a native and citizen of Mexico. He was admitted into the United States in 1981. In 1997, Nieto was convicted of second degree felony possession of marijuana under Texas Health & Safety Code ("THSC") § 481.121. One year

later, Nieto was convicted of unlawful possession of a firearm under Texas Penal Code ("TPC") § 46.04(a).

Because of his convictions, the Department of Homeland Security ("DHS") charged Nieto with removal under the Immigration and Nationality Act ("INA"). At his removal hearing, Nieto conceded that his conviction under THSC § 481.121 made him subject to removal under the INA. To avoid being removed to Mexico, Nieto petitioned the IJ to cancel his removal under 8 U.S.C. § 1229b(a), which grants the Attorney General discretionary authority to cancel the removal of an otherwise removable alien. To be entitled to cancellation, an alien must show that he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). The IJ found that Nieto's conviction under TPC § 46.04 was for an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(E)(ii). Section 1101(a)(43)(E)(ii) defines "aggravated felony" as including "an offense described in section 922(g)(1) . . . of title 18, United States Code." Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who has been convicted of a felony to possess, in or affecting interstate commerce, any firearm. The IJ found that Nieto's conviction under TPC § 46.04 fell under 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of aggravated felony, and, based on that finding, the IJ concluded that Nieto was ineligible for cancellation of removal.

Nieto appealed the IJ's cancellation decision to the BIA. In his brief to the BIA, Nieto argued that the IJ erred in finding that his firearms conviction under TPC § 46.04(a) constituted an aggravated felony. Specifically, he argued that his conviction under TPC § 46.04(a) was not an aggravated felony as "described in" 18 U.S.C. § 922(g)(1) because TPC § 46.04(a) did not contain an interstate commerce element, whereas § 922(g)(1) did. The BIA rejected Nieto's argument,

finding that it was foreclosed by its decision in *Vasquez-Muniz*, 23 I. & N. Dec. 207 (B.I.A. 2002), which held that state felon-in-possession offenses need not have an interstate commerce element in order for the offense to be an offense "described in" 18 U.S.C. § 922(g)(1).

Nieto then appealed the BIA's decision to this court, pressing the same argument that he made before the BIA.[1]

## II. DISCUSSION

Nieto argues that the BIA erred in finding that his firearms conviction under TPC § 46.04(a) was an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(E)(ii), which defines "aggravated felony" as including an offense "described in" 18 U.S.C. § 922(g)(1). Nieto argues that his firearms conviction was not an offense described in 18 U.S.C. § 922(g)(1) because TPC § 46.04(a) does not contain an interstate commerce element. We hold that state felon-in-possession offenses, such as TPC § 46.04(a), need not have an interstate commerce element in order for the offense to be an offense "described in" 18 U.S.C. § 922(g)(1). Accordingly, we deny Nieto's petition for review.

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review "legal and constitutional issues raised pertaining to removal orders." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009). "The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that we review de novo." *Id.* In conducting our analysis, we first review the BIA's interpretation of the INA itself, including its definition of the INA's words

---

[1] Nieto only appeals the IJ and the BIA's cancellation decision. Thus, the only issue before us is whether the BIA erred in affirming the IJ's conclusion that Nieto was ineligible for cancellation of removal.

and phrases. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005). We then review de novo whether a petitioner's conviction under a state statute constitutes an "aggravated felony" and renders him ineligible for cancellation of removal. *See id.* at 306; *United States v. Garza*, 250 F. App'x 67 (5th Cir. 2007) (unpublished).[2]

*B. Meaning of 8 U.S.C. § 1101(a)(43)(E)*

8 U.S.C. § 1101(a)(43)(E)(ii) defines "aggravated felony" as an offense "described in" 18 U.S.C. § 922(g)(1). According to the BIA, for an offense to be "described in" 18 U.S.C. § 922(g)(1), it only has to have the same substantive elements as § 922(g)(1); jurisdictional elements, such as § 922(g)(1)'s interstate commerce element, are irrelevant. *See Vasquez-Muniz*, 23 I. & N. Dec. at 210-11, 213. The BIA applied this interpretation of the INA in affirming the IJ's finding that Nieto's conviction under TPC § 46.04(a) constituted an aggravated felony as described in § 922(g)(1).[3] Nieto argues that the BIA's interpretation is

---

[2]    Although unpublished opinions are not precedent, this case addressed the exact question presented here, interpreting the same statutes in the context of a sentencing calculation. We find the reasoning of that opinion persuasive and adopt it here.

[3] The BIA's interpretation is based on a Ninth Circuit decision, *United States v. Castillo-Rivera*, 244 F.3d 1020, 1024 (9th Cir. 2001) ("We thus hold that a state felon in possession offense is not required to include a commerce nexus as one of its elements in order to qualify as an aggravated felony for sentencing purposes."). Nieto asserts in his brief that the Ninth Circuit's decision in *Castillo-Rivera* was overruled. Nieto's assertion is incorrect. The Ninth Circuit recently affirmed and applied the holding in *Castillo-Rivera* in *Anaya-Ortiz v. Mukasey*, 553 F.3d 1266, 1272 (9th Cir. 2009) (stating that a petitioner's contention that his conviction was not an aggravated felony as described in § 922(g)(1) because "an interstate-commerce element [was] not present" was "foreclosed by *United States v. Castillo-Rivera*, which held that a state crime of conviction need not have the interstate-commerce element contained in 18 U.S.C. § 922(g)(1) to qualify as an aggravated felony under § 1101(a)(43)(E)(ii)").

4

incorrect.[4] We need not determine the precise degree of deference to be afforded the BIA's interpretation[5] because we conclude that it is correct as a matter of statutory interpretation. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984) ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect."); *see also Negrete-Rodriguez v. Mukasey*, 518 F.3d 497, 503 (7th Cir. 2008) (adopting the BIA interpretation at issue); *Garza*, 250 F. App'x at 71 ("Looking at § 922(g)(1), the core of the offense proscribed is conviction of a felony and ownership and possession of a handgun.").

Section 1101(a)(43)'s "penultimate sentence" supports the BIA's interpretation that jurisdictional elements, such as § 922(g)(1)'s interstate commerce element, are not necessary for an offense to be an "aggravated felony" as "described in" § 922(g)(1). *Negrete-Rodriguez,* 518 F.3d at 502; *Castillo-Rivera*, 244 F.3d at 1024; *see United States v. Everist*, 368 F.3d 517, 519 (5th Cir.

---

[4] Nieto also argues that the BIA's interpretation is contrary to the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006). Nieto's reliance on *Lopez* is misplaced. The Court's decision in *Lopez* only considered whether "conduct treated as a felony by the State" but only punishable as a misdemeanor under the federal Controlled Substances Act could constitute an "aggravated felony" as defined by 8 U.S.C. § 1227(a)(2)(A)(iii). *Id*. at 50, 60. The Court did not consider whether state firearm offenses need to have the same jurisdictional elements as 18 U.S.C. § 922(g)(1) in order to fall under 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of aggravated felony. *See also Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266 (5th Cir. 2009) (explaining that *Lopez* provides a "hypothetical approach" where a court "looks to conduct proscribed by state law, not just the elements of the state law offense and compares that conduct to federal law"), *cert. granted*, 78 U.S.L.W. 3359 (U.S. Dec. 14, 2009) (No. 09-60).

[5] We have previously stated that we "afford considerable 'deference to the BIA's interpretation'" of the INA. *Fonseca-Leite v. INS*, 961 F.2d 60, 62 (5th Cir. 1992) ("In conducting our reviews we are constrained to give considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984))).

2004) (describing § 922(g)(1)'s interstate commerce element as a "jurisdictional requirement"). In its "penultimate sentence," § 1101(a)(43) states that "[t]he term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law." 8 U.S.C. § 1101(a)(43). Section 1101(a)(43)'s penultimate sentence plainly evidences Congress's intent that an offense constitute an aggravated felony under § 1101(a)(43)(E) regardless of whether the offense falls within the jurisdiction of the states or the federal government. Because § 922(g)(1)'s interstate commerce element is simply an element that ensures federal jurisdiction, finding that such an element is necessary for a state offense to be one that is "described in" § 922(g)(1) would undermine Congress's evident intent that jurisdiction be disregarded in applying this definition of "aggravated felony." *Negrete-Rodriguez*, 518 F.3d at 502 ("Clearly Congress did not intend [§ 922(g)(1)'s jurisdictional element, which] is not necessary in state law[,] to be the factor determining whether the state offense can be considered the equivalent of a § 922(g)(1) offense.").

The text of § 1101(a)(43) also shows that Congress intended more than a negligible number of state firearm offenses to be encompassed within § 1101(a)(43)(E)(ii)'s definition of "aggravated felony," and "interpreting the jurisdictional element of § 922(g) as essential for a state offense to qualify as an aggravated felony would" undermine that intent. *See Negrete-Rodriguez*, 518 F.3d at 501-02 (discussing *Castillo-Rivera*, 244 F.3d at 1023). Section 1101(a)(43)'s "penultimate sentence" shows that "Congress clearly intended state crimes to serve as predicate offenses for aggravated felonies," and the fact that Congress "used the looser standard 'described in' for [§ 1101(a)(43)(E)], rather than the more precise phrase 'defined in' used elsewhere in [§1101(a)(43),

6

demonstrates] that Congress 'wanted more than a negligible number of state [firearms] offenses to count as aggravated felonies.'" *Id*. Interpreting § 922(g)(1)'s interstate commerce element "as essential for a state offense to qualify as an aggravated felony" would violate Congress's intent to include more than a "negligible number" of state offenses under § 1101(a)(43)(E)(ii), "because state firearms [statutes] would 'rarely, if ever' [contain an interstate commerce element and convictions under such statutes would rarely, if ever] specify whether the commerce element was met." *Negrete-Rodriguez*, 518 F.3d at 501-02 ("That would eliminate the intended inclusion of most state statutes, since states do not operate under the same jurisdictional constraints as the federal government."); *Castillo-Rivera*, 244 F.3d at 1023-24 ("Consequently, we do not believe that this minimal jurisdictional nexus was meant [to] substantially . . . narrow or to eliminate the range of state offenses that Congress intended to incorporate under § 1101(a)(43)(E)(ii) . . . ."); *Garza*, 250 F. App'x at 70.

We conclude that the BIA's interpretation of § 1101(a)(43)(E)'s "described in" language is in accord with the text and purpose of § 1101(a)(43)(E)(ii), and we adopt it here.

*C. Cancellation of Removal*

The IJ and the BIA found that Nieto was ineligible for cancellation of removal because his firearms conviction under TPC § 46.04(a) constituted an "aggravated felony" as "described in" 18 U.S.C. § 922(g)(1). To determine whether Nieto's firearm offense constitutes an "aggravated felony," we apply a "'categorical approach,' under which we refer only to the statutory definition of the crime for which the alien was convicted . . . and ask whether that legislatively-defined offense necessarily fits within the INA definition of an

7

aggravated felony." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 463 (5th Cir. 2006). We conclude, as we did in *Garza*, that Nieto's offense under TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of "aggravated felony."[6] *Garza*, 250 F. App'x at 71. Accordingly, the BIA did not err in finding that Nieto was ineligible for cancellation of removal.

## III. CONCLUSION

For the foregoing reasons, we DENY Nieto's petition for review.

---

[6] In his brief, Nieto concedes that his offense under TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of "aggravated felony" in every respect except for the fact that TPC § 46.04(a) does not contain an interstate commerce element. TPC § 46.04(a) has two elements that are relevant to this decision: (1) prior felony conviction and (2) possession of a firearm. 18 U.S.C. § 922(g)(1) has three relevant elements: (1) prior felony conviction; (2) possession of a firearm; and (3) interstate commerce requirement. Nieto concedes in his brief that TPC § 46.04(a)'s two elements correspond with 18 U.S.C. § 922(g)(1)'s first two elements.