**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5186**

UNITED STATES OF AMERICA,

            Plaintiff — Appellee,

      v.

ANTHONY ROBERT STOKES,

            Defendant — Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00355-NCT-1)

Submitted:  June 30, 2011                    Decided:  July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Warren Sparrow, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Robert Stokes pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He now appeals his 188-month sentence imposed by the district court under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), asserting that the district court erred in finding that his three prior convictions under North Carolina law for breaking and entering were committed on occasions different from one another for purposes of imposing the enhanced sentence. Finding no error, we affirm.

We review Stokes' sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the advisory sentencing Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Although our determination of whether the ACCA enhancement applies involves review for procedural error, Stokes' assertion that his three prior convictions were not committed on occasions different from one another is a question of statutory

2

interpretation that we consider de novo. United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir.), cert. denied, 131 S. Ct. 82 (2010).

Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory minimum punishment if he violates 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4(a) (2009). "Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995) (internal quotation marks omitted). "In other words, the predicate ACCA offenses must be those that can be isolated with a beginning and an end." United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998) (internal quotation marks and citation omitted).

To determine whether previous convictions arose out of a separate and distinct criminal episode, we consider: "(1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the

first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense." United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing Letterlough, 63 F.3d at 335-37). We may apply these factors independently or in conjunction, and "'if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes.'" United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999) (quoting Letterlough, 63 F.3d at 336).

Our review of the record leads us to conclude that the district court properly found that Stokes' three prior breaking and entering convictions were committed on occasions different from one another and, therefore, properly counted them as separate offenses for purposes of the ACCA. See Carr, 592 F.3d at 644-45 (holding prior North Carolina convictions for felony breaking or entering were separate and distinct criminal episodes for purposes of applying ACCA where Carr broke into thirteen separate storage units, the crimes involved multiple victims and, as he committed each of the thirteen crimes, Carr had the opportunity to make a conscious and knowing decision to engage in another crime).

4

Because the district court did not err in imposing a sentence under the ACCA, we affirm Stokes' sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] In light of our ruling, we find moot Stokes' argument that his 1999 attempted common law robbery conviction cannot be used as a predicate offense under the ACCA.