# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON DEMOND FEARANCE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-140

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brandon Demond Fearance appeals the 180-month sentence imposed following his conviction for possession of a firearm subsequent to a felony conviction. Fearance was sentenced pursuant to the provisions of the Armed Career Criminal Act (ACCA) based on Texas convictions for burglary of a habitation and possession with the intent to deliver cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11401

Fearance contends that his Texas burglary conviction does not qualify as a violent felony under the ACCA because the Texas burglary statute criminalizing burglary of a dwelling is not divisible and includes conduct that does not constitute a violent felony under the ACCA. Further, he asserts that his judicial confession is insufficient to narrow the offense to a qualifying form of burglary.

We review de novo the district court's "legal conclusions underlying the district court's application of the ACCA." *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006). The ACCA subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

After Fearance filed his initial brief, we issued an opinion in *United States v. Conde-Castaneda*, 753 F.3d 172, 176-78 (5th Cir. 2014), wherein we held that TEXAS PENAL CODE ANN. § 30.02 is divisible and that a written judicial confession containing an admission to two types of burglary proscribed in the Texas statute, specifically § 30.02(a)(1) and § 30.02(a)(3), is sufficient to establish that the defendant was convicted of both offenses. Fearance's written judicial confession contained an admission to both § 30.02(a)(1) and § 30.02(a)(3). Because § 30.02(a)(1) qualifies as a violent felony under the ACCA, the district court did not err in ruling that Fearance's prior Texas conviction for burglary of a habitation was a violent felony under the ACCA. *See Conde-Castaneda*, 753 F.3d at 176; *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992). In his reply brief, Fearance concedes that this court's decision in *Conde-Castaneda* forecloses his challenge to the classification of his prior burglary conviction as a violent felony.

No. 13-11401

As for his Texas convictions for possession with the intent to deliver cocaine, as proscribed by TEXAS HEALTH & SAFETY CODE § 481.112(a), Fearance asserts that they are not "serious drug offenses" within the meaning of the ACCA. In light of our holding in *United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008), the district court did not err in ruling that Fearance's Texas convictions under § 481.112 were serious drug offenses for purposes of the ACCA.

Finally, Fearance seeks remand to allow the district court to impose a sentence below the statutory minimum, arguing that the district court wished to give him credit for time served before the imposition of his sentence but mistakenly believed it could not reduce the term in the judgment below the mandatory minimum provided by the statute. He cites no authority to establish any error by the district court in failing to impose a sentence below the mandatory minimum. As Fearance cannot show any error in the imposition of his sentence, he has no basis for urging that his case should be remanded for resentencing.

The judgment of the district court is AFFIRMED.