# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11317

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MICHAEL HERROLD

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.
PATRICK E. HIGGINBOTHAM, Circuit Judge:

On November 5, 2012, Dallas law enforcement pulled over Michael Herrold as part of a routine traffic stop. During the encounter, the officers observed a handgun in plain view. Because he was a convicted felon, Herrold's possession of the firearm was illegal under 18 U.S.C. § 922(g)(1), a charge to which he subsequently pled guilty without a plea agreement. Under the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Herrold faced a statutory minimum of fifteen years imprisonment.

Herrold's previous felony offenses included: (1) possession of lysergic acid diethylamide ("LSD") with intent to deliver, (2) burglary of a building, and (3)

No. 14-11317

burglary of a habitation. In the court below, Herrold argued that none of his prior convictions qualify as predicate offenses under the ACCA. The district judge disagreed, and sentenced Herrold to 211 months in prison. Without the enhancement, Herrold would have faced a maximum penalty of ten years.[1] He timely appealed his sentence.

This Court reviews the application of an ACCA sentencing enhancement de novo.[2] Because we hold that each of Herrold's prior offenses qualify as predicate offenses under ACCA, we affirm.

I.

First, Herrold argues that his conviction for burglary of a building[3] should not qualify as generic burglary, one of the enumerated predicate offenses in ACCA.[4] But his argument is foreclosed by our holding in *Conde-Castenada*, in which we held that burglary of a building under Texas Penal Code § 30.02(a)(1) qualifies as generic burglary.[5] "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."[6] Herrold has cited no intervening authority under

---

[1] 18 U.S.C. § 924 (a)(2).

[2] *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008); *see also United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006); *United States v. Munoz,* 150 F.3d 401, 419 (5th Cir. 1998).

[3] In 1992, he confessed to "knowingly and intentionally enter[ing] a building. . . with intent to commit theft" under Texas Penal Code § 30.02(a)(1). R. 263. The statute reads: "(a) A person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault[…]"

[4] *See* 18 U.S.C. 924 § (e)(2)(B)(ii).

[5] *United States v. Conde-Castaneda*, 753 F.3d 172, 174 (5th Cir. 2014); *see also United States v. Fearance*, 582 F. App'x 416, 416-17 (5th Cir. 2014) (applying this holding to an ACCA case), *cert. denied* 135 S.Ct. 311 (2015).

[6] *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (quoting *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999)).

No. 14-11317

which to reconsider *Conde-Castenada*. His conviction for burglary of a building qualifies as a predicate offense for ACCA sentence enhancement.

II.

Herrold next argues that his conviction for burglary of a habitation cannot qualify as a predicate offense under ACCA because Texas law defines "habitation" to include "vehicles adapted for overnight use."[7] This definition, Herrold claims, covers offenses outside the scope of generic burglary, defined by the Supreme Court in *Taylor v. United States* as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."[8] Herrold further contends that this Court's decision in *United States v. Silva*[9] does not foreclose his argument. We disagree.

In *Silva*, this Court affirmed the defendant's enhanced sentence under ACCA based on three prior convictions under Texas Penal Code § 30.02, two for burglary of a habitation and one for burglary of a building.[10] We concluded that burglary as defined by § 30.02 is generic burglary, explaining that

> [t]he Supreme Court in *Taylor* stated that "if the defendant was convicted of burglary in a State where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds to the generic meaning of burglary." . . . Section 30.02 of the Texas Penal Code is a generic burglary statute, punishing *nonconsensual entry into a building with intent to commit a crime.* Under the reasoning of *Taylor,* Silva's burglary convictions clearly indicate that he was found guilty of all the essential elements comprising generic

---

[7] Tex. Penal Code § 30.01(1). In determining that Herrold's burglary of a habitation conviction qualified for enhancement, the district court declined to specify whether it fell within the ACCA as a generic burglary or as covered by the residual clause. After *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause is unconstitutionally vague, we can only affirm if Texas burglary of habitation is generic burglary. Of course, we may affirm on any basis supported by the record. *United States v. McGee*, 460 F.3d 667, 669 n.3 (5th Cir. 2006).

[8] 495 U.S. 575, 598 (1990).

[9] 957 F.2d 157 (1992).

[10] *Id.* at 161.

No. 14-11317

burglary. Accordingly, Silva's three Texas burglary convictions were sufficient predicate convictions for enhancement of his sentence pursuant to 18 U.S.C. § 924(e).[11]

Our reasoning admittedly never explicitly stated which provision of 30.02 we were classifying as generic burglary.[12] Section 30.02(a) describes three different courses of conduct:

> (a)  A person commits an offense if, without the effective consent of the owner, the person:
>     (1)  enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault;  or
>     (2)  remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation;  or
>     (3)  enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Under *Taylor*, generic burglary requires both entry and specific intent, which are not present in subsections 2 and 3, respectively.[13] Subsection 1 is the only provision that includes both. As we later clarified, *Silva* "could have only been referring to § 30.02(a)(1)" in holding that Texas burglary qualifies as generic burglary.[14] This Court has consistently affirmed this interpretation of *Silva* in a series of unpublished opinions.[15]

---

[11] *Id*. at 162 (emphasis added).

[12] Although *Silva* does not specify any subsection of § 30.02, the italicized language in the excerpt above most closely tracks (a)(1), providing further support for the argument that we addressed that provision.

[13] *Taylor*, 495 U.S. at 598; *see also Constante*, 544 F.3d at 586 ("Since § 30.02(a)(3) does not include the element of specific intent, *Silva* cannot support the district court's conclusion that a conviction under § 30.02(a)(3) is a violent felony for purposes of 18 U.S.C. § 924(e).").

[14] *Constante*, 544 F.3d at 586.

[15] *See, e.g.*, *United States v. Wallace*, 584 F. App'x 263, 264-65 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1512 (2015) ("We have previously held that a conviction under § 30.02(a)(1) qualifies as a generic burglary for purposes of the ACCA."); *United States v. Hageon*, 418 F. App'x 295, 298 (5th Cir. 2011) ("The Texas crime of burglary as defined in § 30.02(a)(1) therefore qualifies as a violent felony under the ACCA."); *United States v. Cantu*, 340 F. App'x 186, 190-91 (5th Cir. 2009) ("[T]he Government has shown that Cantu's

No. 14-11317

Herrold maintains that the court in *Silva* never considered the argument that Texas's definition of habitation – by including vehicles adapted for the overnight accommodation of persons – broadens the statute beyond generic burglary. He reasons that we are not "bound to follow our dicta in a prior case in which the point now at issue was not fully debated."[16] But the holding in *Silva*, however imprecisely phrased, is not dictum. Our affirmance of Silva's sentence necessarily required the determination that Texas burglary of a habitation qualified as generic burglary for purposes of ACCA. Without those two convictions, he would have had only a single qualifying previous offense. That the court in *Silva* did not consider the argument that Herrold now advances does not make the holding any less binding.[17] *Silva* therefore forecloses Herrold's argument that his conviction for burglary of a habitation does not qualify as a predicate offense under ACCA.

### III.

Finally, Herrold argues that his conviction for possession of LSD with intent to deliver is not "a serious drug offense" under ACCA. We disagree.

The ACCA definition of a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."[18] In 1992, Herrold pled guilty to "unlawful possession with intent to deliver a

---

burglary . . . violated Texas Penal Code § 30.02(a)(1) and was therefore a violent felony.").

[16] *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006) (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399-400 (1821) (Marshall, C.J.)).

[17] *See Sykes v. Tex. Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("The fact that in [the prior decision] no litigant made and no judge considered the fancy argument advanced in this case does not authorize us to disregard our Court's strong rule that we cannot overrule the prior decision."); *see also Crowe v. Smith*, 151 F.3d 217, 233 (5th Cir. 1998) ("Whatever we might think of this reasoning as a de novo matter, we are of course bound by our prior circuit precedent[…]").

[18] 18 U.S.C. § 924(e)(2)(A)(ii).

controlled substance" under Texas Health & Safety Code § 481.112(a). Herrold suggests that the least culpable conduct covered by the statute is the possession of drugs with intent to offer them for sale without actually offering them for sale;[19] he argues that such possession does not "involve" the distribution of drugs, meaning that his conviction under § 481.112(a) is not a "serious drug offense."

Herrold's argument is unpersuasive. "The word 'involving' has expansive connotations,"[20] and by using it, "Congress intended the category of convictions considered a 'serious drug offense' to be expansive."[21] For example, in *United States v. Vickers*, we held that a conviction for "delivery of a controlled substance" was a serious drug offense,[22] despite the fact that someone could have been guilty by "solely. . . offering to sell a controlled substance" without possessing any drugs.[23] We reasoned that "[b]eing in the drug marketplace as a seller—even if, hypothetically, the individual did not possess any drugs at that time" was the kind of criminal history that "Congress was reaching by the ACCA."[24]

Like Vickers, Herrold was in the drug market as a seller. The next step in his conduct, one he intended to take, was the completion of a drug transaction. The least culpable conduct covered by Herrold's statute of conviction is arguably closer to the distribution chain than Vickers's because

---

[19] Because ACCA requires a "categorical approach" that evaluates the breadth of the defendant's statute of conviction rather than his conduct, *see United States v. Allen*, 282 F.3d 339, 342 (5th Cir. 2002), we look to the statute's "least culpable means" of commission to see if that conduct constitutes a "serious drug offense." *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004).

[20] *United States v. Winbush*, 407 F.3d 703, 707 (5th Cir. 2005) (quoting *United States v. King,* 325 F.3d 110, 113-14 (2d Cir. 2003)).

[21] *United States v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008).

[22] *Id*. at 363.

[23] *Id*. at 364.

[24] Id. at 365-66.

No. 14-11317

Herrold necessarily possessed the drugs he intended to distribute. Even if he never offered the drugs for sale, Herrold's conduct "involve[d]. . . possessing with intent to. . . distribute."[25] His conviction is therefore a serious drug offense under ACCA.

AFFIRMED.

---

[25] 18 U.S.C. § 924(e)(2)(A).