# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10615

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN CASTILLO-RIVERA,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Juan Castillo-Rivera, convicted of illegal reentry under 8 U.S.C. § 1326, appeals his sentence. The question presented is whether Texas Penal Code § 46.04 prohibiting possession of a firearm by a felon qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43). Under our precedent, it does. Therefore, we affirm.

In *Nieto Hernandez v. Holder*, we squarely held that "TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of 'aggravated felony.'"[1]

---

[1] 592 F.3d 681, 686 (5th Cir. 2009). Under § 1101(a)(43)(E)(ii), an aggravated felony includes an offense described in 18 U.S.C. § 922(g)(1), the federal statute prohibiting possession of a firearm by a felon.

No. 15-10615

Castillo-Rivera urges that this holding does not foreclose his overbreadth arguments because they were not considered in *Nieto Hernandez*.[2] We rejected an identical position in *United States v. Herrold*.[3] In *Herrold*, the question under review was whether a Texas statute qualified as generic "burglary" for purposes of the Armed Career Criminal Act. Although we had already concluded in *United States v. Silva*[4] that the statute qualified as generic burglary, the defendant insisted that this holding did not foreclose a novel argument that the *Silva* panel "never considered." We disagreed, explaining that the failure of the *Silva* panel to "consider the argument that Herrold now advance[d] d[id] not make the holding any less binding."[5] The same reasoning applies here. We are bound by the holding in *Nieto Hernandez*, and Castillo-Rivera's new arguments provide no basis to depart from precedent.[6] The judgment and sentence are AFFIRMED.

---

[2] Castillo-Rivera argues that Texas Penal Code § 46.04 is substantively broader than 18 U.S.C. § 922(g)(1) because Texas's definition of a felony offense differs from the U.S. Code, and because Texas's definition of a firearm differs from the U.S. Code.

[3] 813 F.3d 595 (5th Cir. 2016).

[4] 957 F.2d 157 (5th Cir. 1992).

[5] *Herrold*, 813 F.3d at 598–99; *see also Sykes v. Tex. Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("The fact that in [the prior decision] no litigant made and no judge considered the fancy argument advanced in this case does not authorize us to disregard our Court's strong rule that we cannot overrule the prior decision.").

[6] Castillo-Rivera also argues on appeal that Texas Penal Code § 46.04 cannot be described in 18 U.S.C. § 922(g)(1) because the federal statute contains a unique interstate commerce element. This argument is now foreclosed by the Supreme Court's decision in *Torres v. Lynch*, 136 S. Ct. 1619, 1634 (2016).

No. 15-10615

JAMES L. DENNIS, Circuit Judge, concurring:

Were we not bound by our holding in *Nieto Hernandez v. Holder*, 592 F.3d 681 (5th Cir. 2009), I would hold that a Texas conviction for being a felon in possession of a firearm under Texas Penal Code (TPC) § 46.04(a) is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii). In my view, an offense under TPC § 46.04(a) is not "described in" 18 U.S.C. § 922(g)(1) because the plain language of the state statute makes clear that it criminalizes some conduct that the federal statute does not.

Specifically, it is beyond dispute that, unlike the federal statute, TPC § 46.04(a) criminalizes the possession of a firearm by persons who have been convicted of certain offenses that are not punishable by a term of imprisonment exceeding one year.[1] *Compare* 18 U.S.C. § 922(g)(1) (making it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term *exceeding one year*" to possess a firearm (emphasis added)), *with* TPC § 46.04(f) (defining the term "felony" for purposes of § 46.04 as an offense that: "(1) is designated by a law of this state as a felony; (2) contains all the elements of an offense designated by a law of this state as a felony; or (3) is punishable by confinement for *one year or more* in a penitentiary" (emphasis added)). A defendant's showing that the plain language of a state statute clearly criminalizes conduct that is outside the

---

[1] I also note that the federal statute contains several exclusions that the state statute does not. 18 U.S.C. § 921(a)(20) provides, *inter alia*:

The term "crime punishable by imprisonment for a term exceeding one year" does not include (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

TPC § 46.04 contains no such limitations.

scope of the relevant federal or generic offense is sufficient to establish that that the state offense is broader. *See United States v. Ortiz-Gomez*, 562 F.3d 683, 685-87 (5th Cir. 2009) (holding that a Pennsylvania "terroristic-threats" offense was not a "crime of violence" based on the language of the statute); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (holding similarly with respect to a California offense without relying on any state decision on point).

I would also reject the Government's contention that TPC § 46.04(f) is divisible. It is the Government's burden to prove that a prior conviction qualifies for a sentencing enhancement. *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). Yet the Government makes only a bare assertion that § 46.04(f) is divisible because it "sets out one or more elements of the offense in the alternative," without making any showing that a jury must unanimously agree that a particular alternative under this section was proven beyond reasonable doubt. The Government therefore has not satisfied its burden to establish that the state statute is divisible. *See Mathis v. United States*, 136 S. Ct. 2243, 2249, 2256 (2016) (holding that statutes are divisible only if they include alternative "elements," which a jury must find beyond a reasonable doubt, rather than alternative "means" of satisfying a single element). Thus, were I writing on a clean slate, I would hold that § 46.04(a) is not an aggravated felony and therefore that the district court erred in applying a sixteen-level enhancement in sentencing the appellant.

Our slate is not clean, however. I agree with the majority that *Nieto Hernandez* controls the outcome of this case and mandates that we affirm the

No. 15-10615

district court's sentence under our court's rule of orderliness.[2]  *See United States v. Herrold*, 813 F.3d 595 (5th Cir. 2016) (holding that a published opinion's holding is binding even if the panel failed to consider a relevant argument); *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001) ("It is well-established in this circuit that one panel of this Court may not overrule another.").  But I do not think that this should be the end of the matter.  In my view, the combination of *Nieto Hernandez* and *Herrold* leads to a result that is plainly wrong.  While I do not fault the *Nieto Hernandez* panel for failing to consider arguments that the parties in that case never made, we should not allow its decision to answer such an important sentencing question by default and foreclose the valid challenge raised by the appellant in this case.  I therefore urge our court to reconsider and correct *Nieto Hernandez*'s erroneous holding en banc.

---

[2] In *Nieto Hernandez*, an alien petitioned for review of the Board of Immigration Appeals's (BIA) decision that he was not eligible for cancellation of removal due to a prior conviction for an aggravated felony.  592 F.3d at 683.  In his petition, Nieto Hernandez asserted that his conviction under TPC § 46.04(a) was not an aggravated felony as "described in" 18 U.S.C. § 922(g)(1) because, unlike §922(g)(1), the state statute did not contain an interstate commerce element.  *Nieto Hernandez*, 592 F.3d at 683.  A panel of this court rejected this argument and denied the petition solely on that basis.  *See id.* at 684.  ("We hold that state felon-in-possession offenses . . . need not have an interstate commerce element in order for the offense to be an offense 'described in' 18 U.S.C. § 922(g)(1). Accordingly, we deny Nieto's petition for review.").  Based on this analysis, the court concluded that "Nieto's offense under TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of 'aggravated felony,'" citing the petitioner's concession that the only difference between the state and federal offenses was the interstate commerce element.  *Nieto Hernandez*, 592 F.3d at 686 & n.6.