EDITH BROWN CLEMENT, Circuit Judge:
Juan Castillo-Rivera, convicted of illegal reentry under 8 U.S.C. § 1326, appeals his sentence. The question presented is whether Texas Penal Code §46:04 prohibiting possession of a firearm by a felon qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43). Under our precedent, it does. Therefore, we affirm.
In Nieto Hernandez v. Holder, we squarely held that “TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)’s definition of ‘aggravated felony.’ ”[1] Castillo-Rivera urges that this holding does not foreclose his overbreadth arguments because they were not considered in Nieto Hernandez.[2] We rejected an identical position *465 in United States v. Herrold.[3] In Herrold, the question under review was whether a Texas statute qualified as generic “burglary” for purposes of the Armed Career Criminal Act. Although we had already concluded in United States v. Silva[4] that the statute qualified as generic burglary, the defendant insisted that this holding did not foreclose a novel argument that the Silva panel “never considered.” We disagreed, explaining that the failure of the Silva panel to “consider the argument that Herrold now advance[d] d[id] not make the holding any less binding.”[5] The same reasoning applies here. We are bound by the holding in Nieto Hernandez, and Castillo-Rivera’s new arguments provide no basis to depart from precedent.[6] The judgment and sentence are AFFIRMED.

. 592 F.3d 681, 686 (5th Cir. 2009). Under § 1101(a)(43)(E)(ii), an aggravated felony includes an offense described in 18 U.S.C. § 922(g)(1), the federal statute prohibiting possession of a firearm by a felon.

. Castillo-Rivera argues that Texas Penal Code § 46.04 is substantively broader than 18 U.S.C. § 922(g)(1) because Texas's definition of a felony offense differs from the U.S. Code, and because Texas's definition of a firearm differs from the U.S. Code.

. 813 F.3d 595 (5th Cir. 2016).

. 957 F.2d 157 (5th Cir. 1992).

. Herrold., 813 F.3d at 598-99; see also Sykes v. Tex. Air Corp., 834 F.2d 488, 492 (5th Cir. 1987) ("The fact that in [the prior decision] no litigant made and no judge considered the ■ fancy argument advanced in this case does not authorize us to disregard our Court’s strong rule that we cannot overrule the prior decision.”).

. Castillo-Rivera also argues on appeal that Texas Penal Code § 46.04 cannot be described in 18 U.S.C. § 922(g)(1) because the federal statute contains a unique interstate commerce element. This argument is now foreclosed by the Supreme Court’s decision in Torres v. Lynch, - U.S. -, 136 S.Ct. 1619, 1634, 194 L.Ed.2d 737 (2016).