JAMES L. DENNIS, Circuit Judge,
concurring:
Were we not bound by our holding in Nieto Hernandez v. Holder, 592 F.3d 681 (5th Cir. 2009), I would hold that a Texas conviction for being a felon in possession of a firearm under Texas Penal Code (TPC) § 46.04(a) is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii). In my view, an offense under TPC § 46.04(a) is not “described in” 18 U.S.C. § 922(g)(1) because the plain language of the state statute makes clear that it criminalizes some conduct that the federal statute does not.
Specifically, it is beyond dispute that, unlike the federal statute, TPC § 46.04(a) criminalizes the possession of a firearm by persons who have been convicted of certain offenses that are not punishable by a term of imprisonment exceeding one year.[1] Compare 18 U.S.C. § 922(g)(1) (making it unlawful for any person “who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year•” to possess a firearm (emphasis added)), with TPC § 46.04(f) (defining the term “felony” for purposes of § 46.04 as an offense that: “(1) is designated by a law of this state as a felony; (2) contains all the elements of an offense designated by a law of this state as a felony; or (3) is punishable by confinement for one year or more in a penitentiary” (emphasis added)). A defendant’s showing that the plain language of a state statute clearly criminalizes conduct that is outside the scope of the relevant federal or generic offense is sufficient to establish that that the state offense is broader. See United States v. Ortiz-Gomez, 562 F.3d 683, 685-87 (5th Cir. 2009) (holding that a Pennsylvania “terroristic- *466 threats” offense was not a “crime of violence” based on the language of the statute); United States v. Cruz-Rodriguez, 625 F.3d 274, 276 (5th Cir. 2010) (holding similarly with respect to a California offense without relying on any state decision on point).
I would also reject the Government’s contention that TPC § 46.04(f) is divisible. It is the Government’s burden to prove that a prior conviction qualifies for a sentencing enhancement. See United States v. Constante, 544 F.3d 584, 587 (5th Cir. 2008). Yet the Government makes only a bare assertion that § 46.04(f) is divisible because it “sets out one or more elements of the offense in the alternative,” without making any showing that a jury must unanimously agree that a particular alternative under this section was proven beyond reasonable doubt. The Government therefore has not satisfied its burden to establish that the state statute is divisible. See Mathis v. United States, — U.S. -, 136 S.Ct. 2243, 2249, 2256, 195 L.Ed.2d 604 (2016) (holding that statutes are divisible only if they include alternative “elements,” which a jury must find beyond a reasonable doubt, rather than alternative “means” of satisfying a single element). Thus, were I writing on a clean slate, I would hold that § 46.04(a) is not an aggravated felony and therefore that the district court erred in applying a sixteen-level enhancement in sentencing the appellant.
Our slate is not clean, however. I agree with the majority that Nieto Hernandez controls the outcome of this case and mandates that we affirm the district court’s sentence under our court’s rule of orderliness.[2] See United States v. Herrold, 813 F.3d 595 (5th Cir. 2016) (holding that a published opinion’s holding is binding even if the panel failed to consider a relevant argument); Cent. Pines Land Co. v. United States, 274 F.3d 881, 893 (5th Cir. 2001) (“It is well-established in this circuit that one panel of this Court may not overrule another.”). But I do not think that this should be the end of the matter. In my view, the combination of Nieto Hernandez and Herrold leads to a result that is plainly wrong. While I do not fault the Nieto Hernandez panel for failing to consider arguments that the parties in that ease never made, we should not allow its decision to answer such an important sentencing question by default and foreclose the valid challenge raised by the appellant in this case. I therefore urge our court to reconsider and correct Nieto Hernandez's erroneous holding en banc.

. I also note that the federal statute contains several exclusions that the state statute does not. 18 U.S.C. §921(a)(20) provides, inter alia:
The term "crime punishable by imprisonment for á term exceeding one year” does not include (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
TPC § 46.04 contains no such limitations.

. In Nieto Hernandez, an alien petitioned for review of the Board of Immigration Appeals’s (BIA) decision that he was not eligible for cancellation of removal due to a prior conviction for an aggravated felony. 592 F.3d at 683. In his petition, Nieto Hernandez asserted that his conviction under TPC § 46.04(a) was not an aggravated felony as "described in” 18 U.S.C. § 922(g)(1) because, unlike § 922(g)(1), the state statute did not contain an interstate commerce element. Nieto Hernandez, 592 F.3d at 683.'A panel of this court rejected this argument and denied the petition solely on that basis. See id. at 684. ("We hold that state felon-in-possession offenses ... need not have an interstate commerce element in order for the offense to be an offense 'described in’ 18 U.S.C. § 922(g)(1). Accordingly, we deny Nieto's petition for review.”). Based on this analysis, the court concluded that "Nieto's offense under TPC § 46.04(a) fits within 8 U.S.C. § 1101(a)(43)(E)(ii)'s definition of 'aggravated felony,’ ” citing the petitioner's concession that the only difference between the state and federal offenses was the interstate commerce element.-Nieto Hernandez, 592 F.3d at 686 & n.6.